## BOOTH *v.* STATE

[No. 222, September Term, 1960.]

*Decided April 6, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*F. Steele Langford,* for appellant.

*William J. McCarthy, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris* and *Robert V. Lazzaro, State's Attorney* and *Assistant State's Attorney,* respectively, of Baltimore City, on the brief, for appellee.

PER CURIAM.

The principal contention of the appellant (Charles Edwin Booth) is that he was denied his constitutional right of confrontation when he was convicted of armed robbery on evidence that was not before the court. The only other claim is that the evidence relied on by the trial court was insufficient to sustain the verdict.

In the hold-up of a liquor store by three men, the one who was armed demanded all of the money in the store and ordered the proprietor to open the cash register. When the register was opened, another of the trio removed the money from it and from the pockets of the proprietor. The robbery was immediately reported, and, during the evening in which the hold-up was perpetrated, two of the men (Beale and Brown) were apprehended. However, at an ensuing police line-up, the victim of the robbery was unable to identify either of the captured robbers with certainty (though he later identified them at the trial), but when he was shown a photograph of the appellant, he positively identified him as the robber who had dipped his hand into the till. The appellant managed to evade the police and absconded to New Jersey, but surrendered to the Lakewood police when he learned he was wanted and was thereafter returned to Baltimore for trial.

The victim identified the appellant again at the trial as one of the robbers. A police officer also testified from notes taken by another officer that when the written statements made by the co-defendants (which in fact implicated the appellant) were read to the appellant and he was asked if the statements were correct, he replied that it was "hard for him to say

[because he] was pretty high." Later, however, on direct examination, the appellant, though denying that he had participated in the robbery, further testified that the officers had asked him if he cared to read the statements of the co-defendants and that he had "skinned (sic) over them and saw they implicated [him]." No effort was made to assuage the effect of this admission, and there were no objections to any of the questions asked by the prosecutor and the court on cross-examination. Neither of the co-defendants was called to testify at the trial of the appellant. Nor were the "implicating" statements offered in evidence.

On this state of the record, it is contended that the appellant was denied the right guaranteed to him by Article 21 of the Declaration of Rights "to be confronted with the witnesses against him" and to cross-examine the co-defendants. The contention is without merit for it was the appellant himself, who, having taken the witness stand in his own behalf, frankly admitted that the statements of the co-defendants had implicated him in the robbery. Prior to this admission there had been no testimony that the statements had incriminated the appellant. Furthermore, there was no objection to the testimony of the officer or to any of the questions interposed by the prosecutor or the court after the appellant had testified that the statements had, in fact, incriminated him. There is therefore nothing for this Court to review on this point. Maryland Rule 885.

Since the appellant was positively identified by the victim as the robber who had reached into the opened cash register, this testimony alone, if believed, was sufficient to sustain the conviction. *Brown v. State,* 222 Md. 312, 160 A. 2d 95 (1960). Moreover, since it is apparent that the trial court was not clearly in error when it found the appellant guilty, we are without authority to set the verdict aside. Rule 741 c; *Johnson v. State,* 223 Md. 253, 164 A. 2d 269 (1960).

*Judgment affirmed.*