## HICKS *v.* STATE

[No. 295, September Term, 1960.]

*Decided June 13, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, PRESCOTT, HORNEY and MARBURY, JJ.

*Francis X. Pugh* for the appellant.

*Louis E. Schmidt, Special Assistant Attorney General,* with
whom were *Thomas B. Finan, Attorney General, Joseph S.*

*Kaufman, Deputy Attorney General, Saul A. Harris* and *Russell J. White, State's Attorney* and *Assistant State's Attorney for Baltimore City,* respectively, on the brief, for the appellee.

PER CURIAM.

The appellant, a teen-age youth, was convicted, in the Criminal Court of Baltimore, of robbery, and sentenced to serve not more than five years in the Maryland State Reformatory for Males.

The only question raised is an alleged insufficiency of evidence to support the finding of guilt. The contention is so patently frivolous that it amounts to no more than another obvious illustration of the "nothing-to-lose philosophy" resorted to so frequently by indigent defendants since the decision in the case of *Griffin v. Illinois,* 351 U. S. 12.

Since the function of this Court on an appeal of this nature has been so frequently stated and restated, it will be unnecessary to repeat it again. *Clay v. State,* 211 Md. 577, 128 A. 2d 634, is one of the numerous cases wherein the rule is stated. See also Maryland Rule 741 c.

There was testimony to the effect that the prosecuting witness, one Walter Douglas, was accosted by two young men while walking to a restaurant, struck in the mouth, and robbed of his wallet, the money contained therein, his keys and a package of cigarettes. As the two young men fled from the scene of the robbery, Douglas blew a whistle which he had in his possession. The whistle alerted two police officers, who were cruising in a patrol car in the vicinity. These officers observed two young men running down a street, about two and one-half blocks from where the robbery had occurred. The young men stopped under a spot-light on a housing project, and examined the contents of a wallet. As the officers approached them, one of the men, the appellant's codefendant, dropped the wallet, and both proceeded to walk down the street. As the officers came closer, the appellant dropped a package of Camel cigarettes, the same brand of cigarettes that had been taken from Douglas. The two men were placed under arrest and taken back to the location of the spot-light,

where Douglas' wallet and keys were found. The prosecuting witness testified that the wallet contained between two and three dollars when it was taken from him; two dollars and thirty-five cents were found upon the person of appellant's codefendant.

At the trial below, Douglas positively identified the wallet and keys found by the officers, as being the same ones that had been taken from him in the robbery. He also definitely identified the appellant and his codefendant as the two who had robbed him. However, one of the officers testified that Douglas was unable to identify the appellant and his companion, when he saw them shortly after the robbery.

And this fact is the nub of the appellant's main contention: he argues that since the prosecuting witness could not identify him shortly after the robbery, he could not identify him at the trial. Of course, it is ordinarily for the trier of facts to weigh and determine what testimony is credible, and what is not to be believed; but, if we assume without deciding, that the appellant's argument is sound, it avails him nothing here, for the trial judge did not rely upon Douglas' identification of him at the trial in determining guilt. He only relied "upon the testimony of [Douglas] as to the fact that he was robbed of a wallet, keys and cigarettes," and that the wallet, keys and cigarettes recovered by the police were Douglas' property.

The evidence, as tersely outlined above, is ample, we think, to support the trial court's finding of guilt.

*Judgment affirmed.*