## HURSEY, Jr. v. STATE

[No. 151, September Term, 1963.]

*Decided January 7, 1964.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Robert Edelson* for appellant.

The Court declined to hear argument from the appellee. Submitted on the brief by *Loring B. Hawes, Assistant Attorney General, Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney,* and *Andrew J. Graham, Assistant State's Attorney,* for appellee.

PER CURIAM.

This case was tried by the lower court without a jury.

Claiming that the court erred when it denied his motion for a judgment of acquittal, the defendant contends on appeal that the readiness of the principal witnesses to identify him at the trial, when they had failed to do so at the police line-up, was in and of itself sufficient to create a reasonable doubt in the mind of the trial court as to the sufficiency of the evidence to convict him of armed robbery and assault with intent to murder.

The victim did not see the person or persons who struck him from behind and fled with a bag containing $20,000 which he had just withdrawn from a bank. A parking lot attendant, however, testified that he had seen the assault and robbery and the subsequent getaway by the defendant and three other participants in a waiting automobile. The identification of the defendant was corroborated by a waitress who worked in a drug store across the street from the bank: she testified that she had served the defendant and three other men who had entered the store in two separate parties, ordered cokes, drank them and left about five minutes before the holdup. The State also produced evidence of an oral confession by the defendant. The defendant denied having participated in any way in the assault and robbery.

Although neither the attendant nor the waitress was able to identify the defendant in the police line-up shortly after the crimes were committed, both identified him at the trial. The testimony of these witnesses, if believed, was sufficient to convict. We have repeatedly held that the weight of the evidence and the credibility of witnesses as well as the sufficiency of the identification of an accused are matters primarily for the trial court as the trier of facts to determine. See *Booth v. State,* 225 Md. 71, wherein the victim had positively identified the accused in court although he had failed to do so at a police line-up. See also *Booker v. State,* 225 Md. 183, where identification of a single eyewitness was held sufficient to support a conviction. There was here no question as to the admissibility of the positive identification, and even if there were, the lack of positiveness would affect the weight of the evidence rather than its admissibility. *Daniels v. State,* 213 Md. 90.

*Judgment affirmed.*