## CHANDLER *v.* STATE

[No. 179, September Term, 1963.]

*Decided March 9, 1964.*

The cause was submitted on the brief to BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.

Submitted by *Thomas J. Mooney, III,* for appellant.

Submitted by *Thomas B. Finan, Attorney General, Robert F. Sweeney, Assistant Attorney General, William J. O'Donnell, State's Attorney,* and *Richard O. Motsay, Assistant State's Attorney,* for appellee.

PER CURIAM.

This is an appeal from a conviction and sentence for armed robbery. The defendant, Chandler, was tried before the court, sitting without a jury. He alleges insufficiency of the evidence to sustain his conviction.

He was positively identified by two eye witnesses as a par-

ticipant in the hold-up of a tavern in Baltimore at about 9:00 P.M. on April 23, 1963. One of these witnesses was a waitress in the tavern; the other was a patron, named Givens. The appellant stresses the inability of the bartender (who did testify) to identify him as one of the robbers, and the inability of other persons who had been in the tavern at the time of the hold-up to identify him at the police station. They did not testify but their inability to identify Chandler at the police station was shown through the testimony of a police officer. The defendant also claims that descriptions of the robbers given the police just after the robbery did not fit him. His defense was an alibi.

Givens not only identified Chandler as one of the robbers, but testified that he had known Chandler for about a year, that as the robbers were leaving the tavern Chandler recognized him, and that as a result the robbers kidnapped him as a hostage and took him by automobile to an outlying area. The man with the shotgun wanted "to get rid of" Givens "right then" and was reluctant to release him. The defendant interceded for him, however, and Givens was released after being struck with the shotgun by the other man. He was warned by both men not to talk, under threat of harm to him and his family. The defendant surprisingly enough gave Givens five dollars to get a cab to get home.

At the conclusion of the trial, the court reviewed the evidence, placed great reliance on the testimony of Givens and of the waitress, and found the defendant guilty. Chandler did not testify at the trial, which was held on May 27, 1963. On June 7, at his request, the trial judge reopened the case to hear Chandler's testimony. After having heard it, the judge adhered to his previous view, saying: "I am [still] convinced, as I was then, beyond any reasonable doubt that this defendant was a participant in this armed robbery as outlined by the testimony of the witnesses for the State." The evidence, if believed, was ample to show not only that the finding of the trial judge was not "clearly erroneous", but to sustain it, and the credibility of the witnesses was, of course, primarily for his determination. There is no basis for a reversal of the judgment. Maryland Rule 886 a; *Hursey v. State,* 233 Md. 243, 196 A. 2d 472.

*Judgment affirmed.*