HARROD *v.* STATE

[No. 414, September Term, 1963.]

*Decided July 1, 1964.*

376

The cause was submitted to HENDERSON, HAMMOND, PRES-
COTT, HORNEY and MARBURY, JJ.

Submitted on brief by *Paul B. Engel* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General,
R. Randolph Victor, Assistant Attorney General, William J.
O'Donnell, State's Attorney for Baltimore City,* and *Robert
V. Lazzaro, Assistant State's Attorney,* for the appellee.

PER CURIAM.

The appellant was convicted of two robberies under separate
indictments. He contends (1) that the evidence was insufficient
to convict him of robbing Bessie Weinacht and (2) that the
consecutive indeterminate sentences were disproportionate and
constituted cruel and unusual punishment.

In both cases, the evidence of purse-snatching was adequate
to justify conviction. In one, the appellant struck the victim
(Helen Fulton) on the head twice and knocked her to the
ground. In the other, he wrestled with but did not strike the vic-
tim (Bessie Weinacht) in taking the purse. The victim in each
case positively identified the appellant as the robber. This was
enough to warrant conviction. See *Hursey v. State,* 233 Md.
243; *Spencer v. State,* 235 Md. 129.

The sentences of indeterminate terms not exceeding three
years (the maximum for each offense being ten years) to run
consecutively do not constitute cruel or unusual punishment.
Nor is the sentence in the second case disproportionate to that
in the first case. Cf. *Rahe v. State,* 175 Md. 691, where con-
current sentences of ten years each under separate indictments
for robbery were upheld.

*Judgments affirmed.*