## WATKINS *v.* STATE

[No. 71, September Term, 1964.]

*Decided February 2, 1965.*

The cause was argued before HAMMOND, HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

*William O. Goldstein,* with whom was *Roland Walker* on the brief, for appellant.

*Fred Oken, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.* and *John D. Hackett, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The Criminal Court of Baltimore in a nonjury case convicted the defendant (James E. Watkins) of armed robbery and he appealed. In this Court, the only questions raised relate to the quality of the evidence produced in the trial court, that is, whether the evidence was so inadequate as to require granting

the motions for judgment of acquittal, or whether the evidence was legally sufficient to warrant the conviction.

Shortly after 9:00 p.m. in the evening of November 1, 1963, a man entered a service station on Reisterstown Road and asked the attendant for an automobile battery. When the attendant started to get one from a rear room, the man drew a revolver and demanded money. A second man, carrying a plastic bag, then entered the station and ordered the attendant to place the money (between $130 and $140) into the bag. The attendant complied. A customer, who was waiting outside for service on his automobile but who did not see the holdup, became suspicious when, upon seeing one man enter the station, he saw two leave, join a third waiting at a parked automobile and drive off. After jotting down the license number, the customer entered the station, learned of the holdup and promptly notified the police and gave them a description of the automobile and the license number. About an hour later, a police officer, while halting an automobile fitting the description and license number of the one to which he had been alerted, saw the driver and sole occupant attempt to conceal something over the sun visor. After the arrest of the driver, a search of the vehicle disclosed a plastic bag containing several dollars in coin. On being taken to a police station, the driver denied any knowledge of or participation in the holdup, but a search of his person revealed $89 in currency having an odor of gasoline and oil.

At the trial, the station attendant, although unable to recognize the defendant at the preliminary hearing, positively identified him as the man who had ordered him to put the money into the plastic bag. The attendant also identified the bag taken from the automobile as the one used in the holdup. Although it was dark and raining on the night of the robbery, the attendant also testified that he had seen the automobile drive in and out of the service station several times before parking. He had previously identified the automobile on the police impounding lot soon after the arrest of the defendant. He identified it again from a photograph at the trial.

The customer, who had written down the license number of the parked automobile, was unable to identify the defendant as

a participant in the robbery either at several police lineups or at the trial. In fact, he excluded the defendant as one of the men he saw leave the service station after the holdup. He did, however, identify the automobile at the impounding lot as the one used in the robbery. The license number which he had written on a vending machine inside the station was also identified by the customer as the same one he had recorded.

The defendant, in testifying for himself, denied, as he had done while being interrogated at the police station, that he participated in the robbery. Although he could not explain how his automobile came to be used in the robbery, the defendant claimed that at the time of the holdup he was in a tavern in Catonsville where he had gone in the early evening in search of a tavern employee whom he knew only as Mary. He left the tavern in his automobile after spending several hours there, and it was after he had left that the arrest took place. He explained the presence of the plastic bag in his automobile by testifying that he was a "numbers" collector for an employer he knew as Cleo. He attempted to conceal the bag because of his illegal activity. He attributed the odors emanating from the currency found on his person to the fact that he had been working on his automobile. And he accounted for the large sum of money he was carrying at the time of his arrest by explaining that he had received fifty dollars from a friend. His testimony as to having worked on his automobile and as to having received the money was corroborated by the only witness he called. But the State, in an effort to refute his alleged presence at the Catonsville tavern at the time of the robbery, called a Mary Thorne in rebuttal. This witness, who was employed at the tavern during the evening of the holdup, not only testified that she neither knew the defendant nor saw him in the tavern on that occasion, but, according to her, no other employee named Mary was working at the tavern on the date of the robbery.

Since both questions concern the sufficiency of the evidence, we shall consider them as posing a single contention. The defendant, relying primarily on the fact that the station attendant was unable to identify him at the preliminary hearing and the further fact that the customer excluded him as one of the men he saw at the scene of the crime, contends that the trial court

erred in refusing to grant his motions for judgment of acquittal and that the evidence was legally insufficient to support the conviction. We do not agree.

While the record before us does not show whether or not the motion for judgment of acquittal was renewed at the conclusion of the whole case—the defendant claims it was: the State insists it was not—it is clear that had it been renewed, it was properly denied each time it was offered. In performing the only function of this Court in reviewing the sufficiency of the evidence in a nonjury criminal case, we think it is apparent that the evidence produced in the trial court and the inferences deducible therefrom were such that the court could have been fairly convinced beyond a reasonable doubt that the defendant was guilty of the offense charged. Maryland Rules 772 and 886 a. See *Graczyk v. State,* 233 Md. 245, 196 A. 2d 469 (1964); *Bird v. State,* 231 Md. 432, 190 A. 2d 804 (1963).

The sole eyewitness, the station attendant, besides identifying the defendant at the trial, identified his automobile as the one parked at the service station and identified the plastic bag as the one in which the money, smelling of gasoline and oil, was carried away. Furthermore, the customer, who had recorded the license number of the automobile, identified the same vehicle on the impounding lot. This evidence, if believed, was sufficient to warrant the finding that the defendant was guilty. We cannot say therefore that the lower court was clearly wrong in believing the testimony produced by the State rather than that offered by the defendant. *Spencer v. State,* 235 Md. 129, 200 A. 2d 643 (1964). See also *Ponder v. State,* 227 Md. 570, 177 A. 2d 839 (1962).

The weight to be given to the courtroom identification of the defendant by the victim, in the light of his failure to identify him prior to trial and in the light of the testimony of the customer to the effect that the defendant was not at the scene of the holdup, was for the trial court to determine. *Hicks v. State,* 225 Md. 560, 171 A. 2d 722 (1961). See also *Hursey v. State,* 233 Md. 243, 196 A. 2d 472 (1964); *Dyson v. State,* 226 Md. 18, 171 A. 2d 505 (1961), *cert. den.* 368 U. S. 968 (1962). The identification of an accused by a single eyewitness has often been held sufficient to sustain a conviction. *Coates v. State,* 232 Md.

72, 191 A. 2d 579 (1963); *Booth v. State,* 225 Md. 71, 169 A. 2d 388 (1961). Even without the courtroom identification, the evidence was sufficient to support the verdict.

*Judgment affirmed.*