## BARBEE v. STATE

[No. 369, September Term, 1964.]

*Decided June 25, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT and OPPENHEIMER, JJ.

*George Z. Ashman* for the appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moy-*

lan, Jr., State's Attorney for Baltimore City, and William T. S. Bricker, Assistant State's Attorney, on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

On September 21, 1964, the appellant, William Barbee, was found guilty by a jury in the Criminal Court of Baltimore of assault with intent to murder and unauthorized use of an automobile. For these crimes, he was sentenced to serve fifteen years and four years consecutively, from May 16, 1957, in the Maryland Penitentiary. Appellant had been convicted and received identical sentences for the above crimes on May 16, 1957. On May 15, 1959, we denied his application for leave to appeal under the Post Conviction Procedure Act. Barbee v. Warden, 220 Md. 647, 151 A. 2d 167. Subsequently, Barbee applied to the United States District Court for the District of Maryland for a writ of habeas corpus, which was denied. He then appealed to the United States Circuit Court of Appeals, 4th Circuit, which reversed the United States District Court and remanded the case for the issuance of a writ of habeas corpus unless the State elected within a reasonable time to retry the appellant. Barbee v. Warden, Maryland Penitentiary, 331 F. 2d 842. The present appeal is from his convictions and sentences on his retrial by the State.

On March 6, 1956, at about 5:30 p.m., Officer Fischer was directing traffic at the intersection of North and Greenmount Avenues in Baltimore City. Traffic was unusually heavy because of a prevailing transit strike. Allen Gross was riding in an automobile operated by Harold Tabb, a co-worker, when he spotted his 1953 Plymouth automobile, which had been stolen the previous day. Gross ran to Officer Fischer for assistance while Tabb went to the stolen car to prevent the operator from getting away. Officer Fischer apprehended the appellant who was struggling with Tabb and after "patting down" the suspect, he took him to a police call box. While at the call box, appellant shot Officer Fischer, broke away and escaped. The officer was taken to a hospital where he later described the suspect who had shot him. Gross and Tabb likewise gave the police a

description. On May 1, 1957, approximately a year later, appellant was arrested on another charge. He was viewed in a line-up by Officer Fischer, Tabb, and Gross, all of whom identified him as the man who was in the car on March 6, 1956, and who had shot the officer.

On appeal, appellant contends that the lower court erred in refusing to grant his motion for a judgment of acquittal because he was not sufficiently identified by eye-witnesses. We do not agree. This Court has many times held that the identification of the accused as the perpetrator of a crime by a single eye-witness furnishes sufficient evidence to support the conviction of the accused. *Watkins v. State,* 237 Md. 357, 206 A. 2d 568; *Hursey, Jr. v. State,* 233 Md. 243, 196 A. 2d 472; *Bailey v. State,* 226 Md. 353, 173 A. 2d 732. Here, there was identification of appellant by three eye-witnesses. Gross identified Barbee in court and in a police line-up as the man whom he saw get out of his stolen car and subsequently shoot Officer Fischer. When the shooting occurred, he was only five or six feet from Barbee. Tabb recognized appellant in the courtroom and picked him out of a line-up. Officer Fischer stated that he was holding Barbee when he shot him. He positively identified him at the trial and at the city jail. We hold that the appellant was abundantly identified to support his conviction by the triers of the fact.

*Judgment affirmed.*