## THOMAS S. LOGAN *v.* STATE OF MARYLAND

[No. 30, Initial Term, 1967.]

*Decided April 24, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and DYER, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Frank Cannizzaro, Jr.,* for appellant.

*Morton A. Sacks, Assistant Attorney General,* with whom were *Thomas B. Finan, former Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Robert Sapero, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The Appellant, Thomas S. Logan, with two co-defendants, was convicted in the Criminal Court of Baltimore, without a jury, of robbery and carrying a concealed weapon. He was sentenced to ten years in the Maryland Institution for Males for the robbery, and one year for carrying the concealed weapon, the sentences to run consecutively.

In this appeal, the Appellant poses eleven questions relating to his conviction. In substance, however, he questions whether:

1. The evidence of his identity was sufficient to justify his convictions;

2. The Court erred in imposing such a long sentence on the basis of the Appellant's prior criminal record, and

3. The lower Court erred in not believing the testimony of the alibi witnesses.

The testimony showed that the victim of the robbery, while walking toward his home about 6:20 p.m., on October 23, 1965, noticed three Negro boys loitering on a street corner. As he started crossing the street, they "swung in behind" him. Upon reaching an alley in the middle of the next block, he heard one of them say "Now." At the same time, one of them grabbed him around the neck, he slumped to the ground and was dragged some ten feet into the alley. While still being held around the neck, the other two boys struck him, kicked him in the ribs, put a knee in his eye and aimed a blow between his thighs which landed on his hip. At this point, one of them extracted from the victim's pocket his wallet and said "I have it," whereupon they all started to flee. The boy with the wallet, however, fumbled and dropped it momentarily, at which time the victim unsuccessfully attempted to retrieve it from the boy. The wallet, according to the victim, contained two twenty dollar bills, four ten dollars bills, two five dollar bills and four one dollar bills.

Detective Gantt of the Baltimore City Police Department, who was slowly cruising the area, saw the robbery taking place but because of traffic conditions could not stop immediately. He rapidly circled the block and started looking for the three boys. Within a matter of minutes, he saw them walking about two and a half blocks from the scene of the robbery, jumped out of his cruiser and arrested them. They were searched and two twenty dollar bills, four tens, two five and four ones were found in the Appellant's pocket as well as a "straight razor."

The robbery was also witnessed by a woman across the street who identified one of the three boys but could not identify the Appellant.

## I.

Although there was no objection entered at the trial to the positive court room identifications of the Appellant by the victim and by Detective Gantt, it is now argued that such testimony should not have been permitted because neither had seen him for a sufficient time to make an identification. From the facts stated above it is evident that the victim had ample time to observe the Appellant, positively, when he was attempting to retrieve the wallet from him which had been momentarily dropped. As to the police officer, he testified on cross-examina-

tion that he had fourteen years experience as a police officer and was trained to study the appearance of individuals seen to be engaged in committing a crime.

In any event, the Court of Appeals of Maryland has consistently held that the sufficiency of the identification of an accused is primarily a matter for the trial court to determine, and the lack of positiveness (which is not present in this case) would affect the weight of the evidence rather than its admissibility. *Hursey, Jr. v. State,* 233 Md. 243, 244 (1964) ; *Booth v. State,* 225 Md. 71 (1961) ; *Daniels v. State,* 213 Md. 90 (1957).

## II.

The Appellant's contention that the lower court erred in imposing such a long sentence on the basis of his prior criminal record is without merit. It is elementary that a convicted defendant's prior criminal record may be considered in determining the sentence to be imposed. *Knox v. State,* 234 Md. 203, 207 (1964). Likewise, the length of the sentence is not ordinarily reviewable on appeal if it is within the statutory limit and not "dictated by passion, prejudice, ill will or any other unworthy motive * * *." *James v. State,* 242 Md. 424 (1966). The sentences here were within the statutory limits and there is no suggestion of an unworthy motive on the part of the trial judge.

## III.

The Appellant denied any participation in the robbery and offered two alibi witnesses. One witness placed him in a pool hall about five blocks from the scene of the robbery and testified that the Appellant was "just leaving at about 6:30." The other witness said he saw the Appellant in the pool hall at "about 5:30" but he did not testify as to the Appellant's departure time. Aside from the apparent weakness of this alibi testimony, it is well settled that such testimony is to be weighed by the trial judge who is not required to accept its truthfulness. *Duffy v. State,* 243 Md. 425, 434 (1966) ; *Walters v. State,* 242 Md. 235 (1966).

*Judgment affirmed.*