## RONALD ALLEN BORMAN *v.* STATE OF MARYLAND

[No. 130, Initial Term, 1967.]

*Decided May 10, 1967.*

The cause was submitted to ANDERSON, MORTON, and ORTH, JJ., and MACGILL, J., Chief Judge of the Fifth Judicial Circuit, specially assigned, and JENIFER, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Roland Walker* for appellant.

*Francis B. Burch, Attorney General,* with whom were *Richard C. Rice, Special Attorney,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted on March 29, 1966 by a jury in the Criminal Court of Baltimore of uttering a forged instrument and false pretenses. He was sentenced to four years imprisonment on each count, commencing on March 29, 1966, the sentences to run concurrently. Appellant contends on this appeal from that judgment (a) that the court erred in refusing to sustain his challenge of certain prospective jurors for cause, (b) that the evidence was insufficient to enable the jury to find him guilty beyond a reasonable doubt, and (c) that the indictment upon which he was tried and convicted was constitutionally defective in that it had been returned by a grand jury required to swear a belief in a Supreme Being. We find no merit in any of these contentions.

The trial judge, at appellant's request, propounded the following question to prospective jurors on voir dire:

> "Are any of you friendly, associated with or related to any one in the Police Department, or any law enforcement agency, either in civilian or military life?"

Four prospective jurors responded in the affirmative to this question, three of them being related by marriage to members of the Police Department, and one being friendly with several po-

lice officers. Appellant challenged each for cause. The trial judge, having ascertained that none of the police officers to whom the challenged jurors were related would testify in the case, denied the challenges. Appellant argues that the court erred in overruling each challenge since the jurors' relationship to, or association with police officers indicated "a distinct probability of preconceived attitudes and feelings on the part of those jurors which would adversely affect their ability to be impartial triers of law and fact."

The purpose of the voir dire examination is to ascertain the existence of cause for disqualification and for no other purpose. *Giles v. State*, 229 Md. 370 (1962). Neither mere acquaintance with an individual or group, nor mere relationship to witnesses, other than parties, is sufficient basis for challenging a prospective juror for cause. *Goldstein v. State*, 220 Md. 39 (1959). Bias on the part of prospective jurors will never be presumed, and the challenging party bears the burden of presenting facts, in addition to mere relationship or association, which would give rise to a showing of actual prejudice. See *Bristow v. State*, 242 Md. 283 (1966). We find no such proof of bias from the record in this case which would have required the trial judge to grant appellant's challenges for cause. On the contrary, the trial judge carefully questioned each of the challenged jurors with respect to their ability to render a fair and impartial verdict based solely on the evidence. In all, he propounded ten other questions on voir dire calculated to guard against biased jurors. We, therefore, conclude that the refusal to grant appellant's challenges was clearly correct.

Equally lacking in merit is appellant's second contention that the evidence was insufficient to sustain his conviction. The sole basis for his argument in this respect is that the testimony of the State's principal witness, Mrs. Eleanor Hughes, was too inconsistent and contradictory to constitute the necessary evidentiary foundation for conviction.

The evidence adduced at the trial showed that on July 1, 1965 the appellant cashed a National Brewing Company check for $97.60 at the cashier's window of the Hecht Company store in the Northwood shopping center. The payee was David F. Brunson and the drawee was the Maryland National Bank. Mrs.

Eleanor Hughes, who cashed the check after examining a driver's license produced by the appellant, became suspicious of the check's authenticity when she examined the signature of the drawer's agent. She then showed the check to her supervisor, who thereafter learned that the check was invalid, being one of a group of new checks that the National Brewing Company failed to receive from its bank stationer. The appellant was arrested on July 3, 1965 and, shortly thereafter, Mrs. Hughes identified his photograph from five photographs that were shown to her by the police. She later identified him at the Northwestern Police Station and, in the course of her testimony at the trial, confirmed her prior identification of appellant's photograph, and also pointed him out at the trial as the man who had cashed the forged check.

Appellant argues that Mrs. Hughes' testimony was contradictory in that she at one time testified that the appellant was wearing a red plaid shirt and later testified that he was wearing a blue and white checked shirt. It is, of course, well settled that contradictions in describing the clothing worn by the accused go at most to the weight of the witness's testimony. *Dyson v. State,* 226 Md. 18 (1961) ; *Mason v. State,* 225 Md. 74 (1961). Appellant's further attack on Mrs. Hughes' failure to tell the police of his missing teeth is also of no real consequence since, in both instances, the credibility of the witness, Mrs. Hughes, was a matter for consideration by the trier of the facts. It is to be noted, however, that Mrs. Hughes' identification of the appellant could hardly have been more positive since, as previously indicated, she selected his photograph from a group of five persons shown to her by police, identified him in the Northwestern Police Station, and also identified him in the courtroom during the trial. The test as to sufficiency of the evidence to support a conviction in a criminal case tried before a jury is whether any relevant evidence was given to the jury which would have properly sustained the conviction. See *Tull v. State,* 230 Md. 596 (1963). We are satisfied that the evidence in this case squared with that test.

Lastly, relying on *Schowgurow v. State,* 240 Md. 121 (1965), appellant contends that his conviction must be set aside since it was based upon on indictment which had been returned by

a constitutionally defective grand jury. The record indicates that appellant was indicted by a grand jury whose members were required to affirm a belief in God. Though entitled to be re-indicted pursuant to the principles enunciated in *Schowgurow*, appellant nevertheless concededly made a knowing and intelligent waiver of this right and proceeded to trial on the indictment on January 11, 1966. A mistrial having been declared in that proceeding, the case was again set for trial on April 29, 1966. Appellant did not undertake to withdraw his prior waiver to the indictment, nor was he requested to reaffirm it. While he may have had a right to rescind the waiver at any time prior to trial, we hold that such waiver, being valid, remained so and there was no requirement that the State seek a new express waiver to the same indictment. The waiver in question is one going to the right of re-indictment. There being no withdrawal of the existing waiver authorizing trial on the original indictment, the conviction based on such indictment can in no wise be found constitutionally defective.

*Judgment affirmed.*