## DANIEL W. CARROLL, JR. *v.* STATE OF MARYLAND

[No. 136, September Term, 1967.]

*Decided January 31, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Michael Lee Kaplan* for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James B. Dudley, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant, Daniel W. Carroll, Jr., complains of his convictions of robbery with a deadly weapon, assault with intent to murder and carrying a deadly weapon by a jury in the Criminal Court of Baltimore, Judge J. Harold Grady, presiding. Appellant was sentenced to twenty years, fifteen years, and two years, respectively, on the above convictions, all sentences to run concurrently.

On appeal, the appellant raises two contentions:

1. That the evidence was insufficient to sustain the conviction.
2. That the lower court committed reversible error in allowing the testimony of Mrs. Hilda Wyatt to be heard by the jury.

On December 16, 1965, at approximately 9:15 p.m.. Miss Flora Startt, a Librarian at the Enoch Pratt Library, was returning home from work when, after posting a card at the corner mailbox, she was seized by the neck and choked. The ensuing struggle culminated in her being pushed to the ground and having a gun pressed into her right side and discharged. The resultant wound in her lower abdomen was very serious

and in addition to which she sustained bruises of the neck, legs and ankles. Her attacker was in front of her for "probably a few minutes." At the conclusion of this vicious attack, her purse was stolen and the culprit fled.

Miss Startt's description of her assailant was a Negro male, hatless, wearing a brown army-type jacket, dark trousers, and with a thin face, closely cropped hair, about five feet six inches or shorter and probably between twenty-three and thirty years of age. At the trial, Miss Startt identified the appellant as being her assailant.

Miss Elizabeth Wayenick heard the noise of the scuffle but saw no one other than Miss Startt when she reached the scene.

Officer Robert Novak of the Baltimore City Police Department received a call at approximately 9:30 p.m. on the same evening, whereupon he and Officer Becroft began cruising the area. After a time lapse of about one minute, Officer Novak from the description furnished him observed appellant in a car, followed same and pulled it to the curb. After identifying appellant, who was wearing a dirty army-type jacket, dark pants, and no hat, and who was in an acute stage of nervous agitation, Officer Novak arrested him.

Mrs. Hilda Wyatt, the mother of a friend of the appellant, testified that having seen appellant on the night of the commission of the crime, when he was brought to her home by police and had a discussion with her son, and her observation of him at the trial, that it was her opinion that, at the trial, the appellant appeared to weigh more and was "bigger all over."

In trial before a jury, this Court can review the sufficiency of the evidence, but this Court does not inquire into and measure the weight of the evidence, but only determines whether there is any relevant evidence which could properly sustain a conviction. *Culver v. State,* 1 Md. App. 406, 230 A. 2d 361 (1967); *Quinn v. State,* 1 Md. App. 373, 230 A. 2d 368 (1967); *Borman v. State,* 1 Md. App. 276, 229 A. 2d 440 (1967); *Graef v. State,* 1 Md. App. 161, 228 A. 2d 480 (1967).

From the evidence adduced at trial, the trier of facts properly found that Miss Startt had been robbed and shot and that the person responsible for the crime did have a deadly weapon. Therefore, the matter for resolution was the identification of the

guilty party. This element was sufficiently satisfied by the positive identification of the appellant, at the trial, by the victim, Flora Startt.

It is well settled that identification by the victim, if believed by the trier of facts, is ample evidence to sustain a conviction. *Walters v. State,* 242 Md. 235, 237, 218 A. 2d 678 (1966) ; *Hutchinson v. State,* 1 Md. App. 362, 367, 230 A. 2d 352 (1967) ; *Crumb v. State,* 1 Md. App. 98, 103, 227 A. 2d 369 (1967). The initial equivocation by the victim when identifying the appellant in a picture, out of court, clearly attaches to the weight of the evidence and not to its admissibility and remains a matter for the determination of the trial court. *Logan v. State,* 1 Md. App. 213, 228 A. 2d 837 (1967). The weight of the evidence and the credibility of the witnesses as well as the sufficiency of the identification of the accused are matters primarily for the trial court as the trier of facts to determine. *Hursey v. State,* 233 Md. 243, 244, 196 A. 2d 472 (1964). See *Booth v. State,* 225 Md. 71, 169 A. 2d 388 (1961) ; *Daniels v. State,* 213 Md. 90, 131 A. 2d 267 (1957).

We find that there was legally sufficient evidence from which the jury could be fairly convinced beyond a reasonable doubt of the appellant's guilt.

The second contention is also without merit. In *Avey v. State,* 1 Md. App. 178, 228 A. 2d 614 (1967), this Court cited *Cook v. State,* 225 Md. 603, 610, 171 A. 3d 460, cert. den. 368 U. S. 970, 82 S. Ct. 445, 7 L. Ed. 2d 398 (1961) wherein the Court of Appeals of Maryland said:

> "This Court has stated that the trial court is in an advantageous position to judge the question of prejudice and its decision with reference thereto should not be reversed unless it is clear that there was prejudice."

See *Lusby v. State,* 217 Md. 191, 195, 196, 141 A. 2d 893 (1958).

The lower court did not view the testimony of Mrs. Hilda Wyatt concerning changes in the appellant's weight and general appearance as prejudicial, nor do we. We find that this testimony possessed substantial probative value bearing upon the issue of identity and was not prejudicial to the defendant.

*Judgment affirmed.*