JAMES S. GUNN, JR. AND JEROME B. HESTER
*v.* STATE OF MARYLAND

[No. 213, September Term, 1967.]

380

*Decided June 17, 1968.*

Appellant Hester's cause was argued before, and that of appellant Gunn was submitted to, MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*DeHaven L. Smith* for appellant Hester, and *James W. McAllister* (on brief) for appellant Gunn.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Leroy W. Carroll* and *James F. Garrity, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Jerome B. Hester and James S. Gunn, Jr., the appellants, appeal from multiple convictions in the Criminal Court of Baltimore, Judge James A. Perrott presiding without a jury. Hester was convicted of robbery and rape and sentenced to life imprisonment for the rape conviction and ten years for the robbery conviction to run concurrently. Gunn was convicted of robbery and assault with intent to rape and sentenced to ten years for the former conviction to run concurrently with a sentence of life imprisonment for the latter conviction. Although the parties were jointly tried they have filed separate appeals on different grounds which are set out hereinafter.

There was evidence from which the trial court could have found that: The prosecuting witness, aged 15, was walking through Carroll Park in the City of Baltimore at about 9:30 P.M., accompanied by a male friend. At some point in their walk, they realized that they were being followed, and they began to run. The prosecuting witness was unable to keep up with her male friend, and the pursuers overtook her. She was grabbed by two men; one tall, and the other shorter and fat. The tall one grabbed her around the neck and put a hand over

her mouth to keep her from screaming. The short, fat one took her shoulder bag containing $3 and an unknown amount of change. Then one took one arm, and the other, the other arm and pushed her towards the nearby railroad tracks. As the two males pushed her down the embankment toward the railroad tracks, they were joined by another who was walking behind them. When they reached the bottom of the embankment, the three of them were joined by two more youths, one of which was Gunn. She offered them money, but the tall youth, who was identified as Hester, refused, saying "I don't want your money. You know what we want." Gunn was present when this conversation transpired. They continued pulling her along the tracks until they found a place that suited them. The tall one shoved her down while the fat one pulled off her shorts and pants. She kept trying to get up, but was continually pushed down by one and then the other as each of the five attempted to have intercourse with her. The fourth one was Gunn. He attempted to have sex relations with her but was unsuccessful because the others were urging him to hurry. Subsequently, three of the males, including Gunn, were frightened away from the scene by approaching lights. The young lady was then forced into a boxcar where she was raped by Hester and the short, fat male later identified as Davis. The two also were seen disposing of the contents of the shoulder bag referred to herein.

Gunn and Hester were identified by the prosecuting witness at a line up and at the trial even though, at the trial, both were permitted to sit in the audience.

Clarence Perdue, one of the young men involved, testified for the State saying:

> "We were coming back from Gino's and Jerome Hester said 'There go two girls over there.' So, I think it was Gunn or Davis said, 'Let's go get them'.
> "MR. SMITH: I object to that.
> "THE COURT: Sustained. He is not sure." [1]

Later he testified that Hester and Gunn ran towards the boy and girl (They thought at first that there were two girls)

---

1. We think this evidence was admissible as part of the *res gestae* no matter who said it.

while Davis, Spence and he stayed behind, but that Davis caught up with Hester and Gunn. When he got there Hester and Gunn had the girl by the arm.

Both Gunn and Hester complain that although the exclusion of witnesses had been requested under Maryland Rule 753, the prosecuting witness was nevertheless brought into the court-room while the medical doctor was testifying for the purpose of having the doctor identify her as the individual he had ex-amined the night of the rape. Under the rule and under *Bulluck v. State,* 219 Md. 67, 148 A. 2d 433 when exclusion of wit-nesses is requested it is mandatory that the trial court comply with the request. In *Swift v. State,* 224 Md. 300, 167 A. 2d 762 the court found however, that on that factual situation there was a harmless error and declined to reverse on that ground. In the present case the prosecuting witness heard the doctor testify to his qualifications; that he was called to make an ex-amination on the night of the crime; and that he assumed the young lady seated in the courtroom was the one he examined. This testimony did not affect the testimony of the prosecuting witness who had already completed her testimony. We find the error harmless.

Gunn contends that the doctor was not sufficiently qualified to permit him to testify as an expert. The record shows that he was graduated from Johns Hopkins University in 1951; that he is licensed to practice as a medical doctor in the State of Mary-land; that he served an internship of one year at Johns Hop-kins; that he had a two year residency at the Lutheran Hospital and a one year residency at the Maryland General Hospital; that he received his American Boards in obstetrics and gynecol-ogy in 1961; that he had delivered approximately 2,000 babies and had examined 550 females with respect to an alleged rape, and that he was regularly engaged by the Baltimore Police De-partment for this latter purpose. On this record we hold that this contention is without foundation.

Hester complains that reversible error was committed because the prosecuting witness did not pick him out when she walked through the courtroom the first time, and at the request of the prosecutor, was permitted to walk through the courtroom for the second time before she identified him as one of the

criminals. He cites no authority and we know of none for his proposition. In a trial before the court, identification is for the trial judge to determine, and the finding will not be disturbed on appeal in the absence of clear error. We see no such error. See *Watkins v. State,* 237 Md. 357, 206 A. 2d 568, *Hicks v. State,* 225 Md. 560, 171 A. 2d 722, *Logan v. State,* 1 Md. App. 213, 228 A. 2d 837, *Carroll v. State,* 3 Md. App. 50, 237 A. 2d 535, *Crumb v. State,* 1 Md. App. 98, 227 A. 2d 369.

Hester next complains that he was denied a fair trial because evidence of a lineup identification was admitted when he was not represented by counsel at the lineup. The lineup evidence was not objected to below and is therefore not before this Court, Maryland Rule 1085, but we will discuss it nonetheless. Hester, of course, relies on *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149; he overlooks *Stovall v. Denno,* 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199 wherein the Supreme Court ruled that *United States v. Wade, supra* does not apply to lineups conducted prior to June 12, 1967. The lineup involved in the present case took place on August 9, 1966. In *Tender v. State,* 2 Md. App. 692, 237 A. 2d 65 this Court declined to adopt a rule applying *Wade* more stringently than is required by *Stovall.*

Hester and Gunn both contend that the evidence was insufficient to support their respective convictions. Hester was identified by the prosecuting witness as the person who grabbed her pocketbook. He was later observed by a police officer discarding a pocketbook, which was identified as the victim's. The contention as to robbery obviously has no merit. Hester was also identified by the prosecuting witness as one of the two persons who completed an act of rape upon her in the boxcar. He was observed by a police officer fleeing the scene of the crime. Certain expert testimony also tended to point towards his guilt. The testimony of the victim is sufficient to support a conviction of rape, *Lucas v. State,* 2 Md. App. 590, 235 A. 2d 780.

Gunn was convicted of assault with intent to rape. He was identified by the victim as the fourth person who attempted to have intercourse with her. An accomplice supported this testimony. For the reasons set forth above this contention is also without merit.

Lastly, Gunn contends that according to the testimony of the prosecuting witness, she was first grabbed by Davis and Hester, who took her pocketbook, and therefore, he could not be held responsible for the robbery particularly since the police officer saw Hester with the purse after the crimes had been completed. This argument completely overlooks the testimony of Perdue, the accomplice, who testified that it was Gunn and Davis who first ran to get the girls and that immediately after she was grabbed, he, the witness, came upon the scene and Hester and Gunn were the two who had her by the arm. In *Thomas v. State,* 2 Md. App. 502, 235 A. 2d 777 at 780, we said:

> "It is well settled that persons, actually or constructively present, aiding and abetting the commission of an armed robbery, but not themselves committing it, are principals in the second degree. *Vincent v. State,* 220 Md. 232, 151 A. 2d 898; *Agresti v. State, supra.* While appellant was not actually present at the immediate place of the perpetration of the robbery, he was, as in *Vincent,* in close proximity and contiguity thereto and in such a position to be of aid and assistance to Matto in the successful perpetration of the crime."

On the evidence in the present case the trial judge could have found, as he did, that Gunn was near to the scene of the crime and that he actually aided in the perpetration of it.

While the testimony of an accomplice must be corroborated either as to some of the material facts tending to show that the accused was identified with the perpetrators of the crime, or had participated in the commission of the crime itself, the testimony, here, of the victim was sufficient for this purpose. See *Holt v. State,* 3 Md. App. 544, 240 A. 2d 355. *Kitt v. State,* 2 Md. App. 306, 234 A. 2d 621.

We cannot say that the trial judge was clearly erroneous under Maryland Rule 1086 when he found Gunn guilty of robbery.

*Judgments affirmed.*