RONALD JOSEPH BOWEN *v.* STATE
OF MARYLAND

[No. 185, September Term, 1968.]

714

*Decided January 23, 1969.*

The cause was argued before MURPHY, C.J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Ronald T. Osborne* for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Peter D. Ward, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Two questions are presented on this appeal from the appellant's convictions at a court trial in the Criminal Court of Baltimore of grand larceny and resisting arrest and concurrent sentences of 3 years and 6 months respectively. The first question relates to the admissibility of in-court identifications and the second is with regard to the alleged consideration by the trial court of the appellant's failure to testify in its determination of

his guilt. We find no prejudicial error in the matters raised by the questions.

## I

At the trial two eyewitnesses to the larceny identified the appellant as the thief. The appellant objected to the admission of the identifications on the ground that there had been a pre-trial confrontation of the appellant by the witnesses which was illegal because it had been conducted without the presence of counsel to represent him and after the decision in *Stovall v. Denno,* 388 U. S. 293. He asserted at trial and contends on appeal that the exclusionary rules enunciated in *United States v. Wade,* 388 U. S. 218, and in *Gilbert v. State of California,* 388 U. S. 263, precluded the admission of the in-court identi-fications as the State did not establish that they had a source independent of such illegal confrontation. But the confrontation of which the appellant complains was at a preliminary hearing and our holdings in *Tyler v. State,* 5 Md. App. 265, are disposi-tive of the point. We held, at 270 that "nothing in *Wade* or *Gilbert* guarantees the right to counsel at a preliminary hear-ing whether or not an identification of the accused is made." We said, at 272:

> "We think it evident that *Wade* does not hold that all pretrial confrontations between the accused and the victim or other identifying witnesses are thereby deemed to be critical stages of the criminal prosecu-tion. In our opinion, *Wade* indicates that only those pretrial confrontations that are not subject to fair and meaningful objective review later at the trial fall with-in its strictures, so that where the circumstances of the confrontation can be fully developed at the trial by cross-examination of the State's witnesses, or by presen-tation of witnesses on behalf of the defendant, the right to counsel does not attach. Specifically, we hold that the rationale of *Wade* and *Gilbert* is not applicable to confrontations at a public pretrial judicial hearing pre-sided over, * * *, by a judicial officer * * *."

See *Palmer v. State,* 5 Md. App. 691.

On appeal the appellant appears to limit his contention to

the argument that the in-court identification should have been excluded under the rules of *Wade* and *Gilbert*.[1] Independent of any right to counsel claim, a confrontation may be "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to be a denial of due process of law. *Stovall v. Denno, supra,* at 296. Although the appellant in his brief suggests that the circumstances preceding the in-court identifications tainted the in-court identifications he does not specifically contend that he was denied due process of law thereby, applying the circumstances alleged only in support of his claim that the State did not establish the independent source of the in-court identifications as required by *Wade.* In any event we do not think that the circumstances as disclosed by the record here were so unnecessarily suggestive and conducive to irreparable mistaken identification as to be a denial of due process of law. The lower court did not so find, and we cannot say, on the evidence before it, that its judgment was clearly erroneous. Md. Rule, 1086; *Gunn v. State,* 4 Md. App. 379. We note that the lack of positiveness or failure of witnesses to identify an accused from photographs or upon a legal confrontation prior to an in-court identification go to the weight of the in-court identification and not to its admissibility. *Barnes v. State,* 5 Md. App. 144; *Tucker v. State,* 5 Md. App. 32; *Baldwin v. State,* 5 Md. App. 22; *Brown v. State,* 4 Md. App. 612; *Carroll v. State,* 3 Md. App. 50; *Crosby v. State,* 2 Md. App. 578; *Logan v. State,* 1 Md. App. 213. *Rath v. State,* 3 Md. App. 721 is factually distinguishable from the instant case.

The appellant also complains that he did not have the benefit of a pretrial lineup. We know of no constitutional provision bestowing upon an accused the right to appear in a lineup. See *Fogg v. Commonwealth,* 159 S. E. 2d 616 (Va.) holding that

---

1. In the instant case, as in *Wade,* there was no question of the admissibility of testimony of identification at the confrontation itself. The identifications at the confrontation were not adduced by the State but brought out by the defense in support of its objections to the in-court identifications. *Gilbert* fashioned the additional rule that evidence of an identification at an illegal confrontation offered by the prosecution is *per se* to be excluded.

there was no principle of law under which an accused was constitutionally entitled to be placed in a lineup.[2]

We find no prejudicial error in the admission of the challenged in-court identifications.

## II

After the trial court rendered its verdicts of guilty, it said:

> "Now, Mr. Bowen, had you taken the witness stand I might have been able to have elicited some information from you that might have persuaded me to have acquitted you on No. 368 (the larceny conviction) but since you didn't elect to do that, it was impossible for me to obtain certain information that I was most interested in, and, to wit, whether or not you had your cast in your eye on the 19th of December, what the shade of your hair was on the 19th of December, so, since you didn't elect to submit to the examination of the Court counsel, I would have to take the position that your condition was more or less the same on that date as it is today."

Relying on *Griffin v. State of California*, 380 U. S. 609, the appellant urges that this comment compels reversal as making "quite clear that (the trial court) was greatly influenced in reaching an obviously difficult decision by the failure of the defendant to take the stand and testify in his own behalf." However, in *Griffin*, the Court took the statement in *Malloy v. Hogan*, 378 U. S. 1 — "the same standards must determine whether an accused's silence in either a federal or state proceeding is justified", at 11—in its literal sense, holding that "* * * the Fifth Amendment, in its direct application to the Federal Government, and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecu-

---

2. On the other hand, the appearance of an accused in a lineup without his consent is not constitutionally prohibited. *Thompson v. State*, 4 Md. App. 31. See *United States v. Hammond*, No. 28108, United States District Court for the District of Maryland, where an order was issued under date of 13 June 1968 compelling the accused to appear in a lineup.

tion on the accused's silence or instructions by the court that such silence is evidence of guilt." 380 U. S. 615. In *Benton v. State*, 1 Md. App. 647,[3] we found no error in the court's instructions to the jury that they were not to attach any significance or inference of guilt from the defendant's failure to take the witness stand because every individual has an absolute constitutional right not to testify, and no inference of guilt can be presumed because he chose not to take the stand. We think it clear that the self-incrimination clause prohibits an inference of the guilt of an accused by reason of his failure to testify. *Griffin v. California, supra*, at 613-614. But we do not construe the challenged comments of the trial court here as showing that it inferred the appellant was guilty from such failure. The court merely said that it *might* have been able to acquit the appellant had certain evidence been presented by him. Lacking such evidence, the evidence before the court was sufficient to convince the court, as the trier of fact, of the appellant's guilt beyond a reasonable doubt. The silence of an accused does not protect him from the probative force of the evidence against him. *Boswell v. State*, 5 Md. App. 571. We are not persuaded from the comments of the trial court that it determined the guilt of the appellant by reason of his failure to testify or that it improperly considered that failure in reaching its verdicts. We find no prejudicial error.

*Judgments affirmed.*

---

3. In *Benton* the appellant attacked the advisory nature of the instructions. *Certiorari* denied, Court of Appeals of Maryland, 7 December 1967; *certiorari* granted, Supreme Court of the United States, No. 201, 17 June 1968, on the unrelated question of double jeopardy. The case was argued and then restored to the docket for reargument on 24 March 1969, limited to the question, not specified in the original writ, whether "the concurrent sentence doctrine" has continuing validity in view of decisions subsequent to the cases enunciating and affirming the doctrine.