## NICHOLSON *v.* STATE

[No. 328, September Term, 1961.]

*Decided June 15, 1962.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Samuel S. Field, III,* for appellant.

*Eli Baer, Special Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *Joseph G. Koutz, State's Attorney* and *Deputy State's Attorney,* respectively, for Baltimore City on the brief, for appellee.

PER CURIAM.

This appeal is frivolous and devoid of merit. Appellant was arraigned under three indictments: one charged him with grand larceny and receiving; another with "junking without a permit" (the stolen property); and the third with unlawfully trespassing upon the real property from whence the stolen property was taken. He pleaded not guilty to the larceny indictment, and guilty to the other two. He presses only the appeal relating to the larceny.

His first contention is the usual and stock one of an alleged insufficiency of the evidence. There was evidence that appellant and three other men, during a lunch hour, drove into the fenced-in yard of the Lord Baltimore Press and loaded on a truck something over a ton of second-hand machine parts, drove away, and sold the parts as junk for $21. Other testi-

mony stated the fair market value of the property taken was $1,396. Appellant took the stand and admitted taking the property, but claimed he was given permission to do so by some employees, whom he was unable to identify. It is obvious there was evidence, if believed by the trier of facts, sufficient to support a conviction of grand larceny. The trial judge was not required to accept appellant's exculpatory statement, nor was the selling-price of the machine parts, as junk, controlling as to value.

Appellant also claims the sentence was improper; it was confinement in the House of Correction for 4 years. It was within the statutory maximum, Code (1957), Article 27, Section 340; hence he cannot be heard to complain. *Ponder v. State,* 227 Md. 570, 177 A. 2d 839.

Appellant's last contention is that his trial counsel (not the same as counsel on appeal) represented him so poorly that he was denied due process of law. This is a serious accusation relative to the professional ability of trial counsel, and should only be made when there is a sound basis for doing so. However, the charge apparently stems from appellant's present counsel's lack of practical experience in criminal procedure.

The principal complaints are: that trial counsel failed to move for a motion for judgment of acquittal; and that counsel stipulated with the State that it would be unnecessary for the State to offer proof of facts conceded by the appellant to be true, but the issues, so far as the appellant was concerned, were that the taking was permissive, and, if the court found against him on this issue, he did not intend to steal chattels of over the value of $100 (we express no opinion as to whether the latter would constitute a defense).

The trial was before the court; consequently it was not necessary to make a motion for a judgment of acquittal in order to preserve the right to full appellate review. Maryland Rules, 772, 886 a; *Elliott v. State,* 215 Md. 152, 137 A. 2d 130. Furthermore, it would have required a "legal Houdini" to have extricated the appellant by motion, after the State's evidence (we have only outlined it above) had been concluded. And there is nothing unusual—indeed, it is a widespread practice that saves time and expense—for defense counsel to agree

that the State need not prove facts that are conceded to be true.

We may add that appellant has quite an "impressive" record, which includes, among others, convictions of robbery and burglary.

*Judgments affirmed.*