TYRONE O. JASON *v.* STATE OF MARYLAND

[No. 12, Initial Term, 1967.]

*Decided April 10, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and DYER, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on the brief, for appellant.

*Donald Needle, Special Assistant Attorney General,* with whom were *Thomas Finan, former Attorney General, Julius A. Romano, former Assistant Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

On January 6, 1966, in a non-jury trial in the Criminal Court of Baltimore, the Appellant was convicted of being a rogue and vagabond, in violation of Code (1957), Article 27, Sec. 490. He was sentenced to two years in the Maryland House of Correction.

At about 1:45 a.m. on November 7, 1965, two police officers arrived at 7 East Eager Street, Baltimore City, in response to a complaint from residents therein that a prowler was on the permises. One officer went to the rear of the premises and the other opened the front door and in the hallway on the first floor observed the Appellant tampering with the rear door of the first floor apartment. When questioned by the officer, the Appellant said he was there seeking employment, although he could not give the name of the potential employer he was seeking.

In this appeal the Appellant contends that the lower Court erred: (1) In not granting his motion for acquittal at the end of the State's case and at the conclusion of the entire case; and (2) there was insufficient evidence to warrant the conviction.

## I.

At the conclusion of the evidence offered by the State, the Appellant's motion for judgment of acquittal was denied by the trial court. Thereafter, the Appellant offered testimony in his own behalf. Under Maryland Rule 755 b the Appellant thereby withdrew his motion. Accordingly, the contention that the trial court erred in not granting the motion for judgment of acquittal at the conclusion of the State's case is not properly before us. *Elliott v. State,* 215 Md. 152, 158 (1957).

With respect to the Appellant's contention that the trial Court erred in not granting the motion for judgment of acquittal at the conclusion of the entire case, the record discloses that no such motion was made. Had the Appellant been tried before a jury, the failure to make the motion at the conclusion of the entire case would have precluded this Court from reviewing the sufficiency of the evidence. *Stevens v. State,* 230 Md. 47 (1962) ; *Tull v. State,* 230 Md. 152 (1962) ; *Wersten v. State,* 228 Md. 226 (1962) ; and *Humphreys v. State,* 227 Md. 115 (1961). However, in a non-jury trial, it is not necessary to make a motion for judgment of acquittal in order to have this Court review the sufficiency of the evidence since Maryland Rule 1086 provides that "When a case has been tried by the lower court without a jury, this Court will review the case upon both the law and the evidence * * *." See *Nicholson v. State,* 229 Md. 123 (1962) ; *Elliott v. State,* supra.

## II.

It is apparent from the record that there was ample evidence presented to support the Court's judgment of conviction. The so-called rogue and vagabond statute, supra, provides, *inter alia:*

> "If any person * * * shall be found in or upon any dwelling house * * * with an intent to steal any goods or chattels, every such person shall be deemed a rogue and vagabond * * *."

The testimony of the police officers placing the Appellant on the premises at 1 :45 a.m. and tampering with an apartment door, when weighed against his implausible explanation (which

the lower court expressly stated it did not believe) that he was seeking employment from someone whose name he did not recall is sufficient evidence from which the lower Court could, and did, infer that the Appellant was there with intent to steal. *Jones v. State,* 242 Md. 323, 328 (1966); *Bergen v. State,* 234 Md. 394, 400 (1964).

We certainly cannot say that the lower Court's judgment of conviction was clearly erroneous. *Campbell v. State,* 240 Md. 59, 62 (1965); Maryland Rule 1086.

*Judgment affirmed.*