### GORDON REED v. STATE OF MARYLAND

[No. 275, Initial Term, 1967.]

*Decided August 22, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PRETTYMAN, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Michael Lee Kaplan*, with whom was *Morris Lee Kaplan* on the brief, for appellant.

*Edward L. Blanton, Jr., Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City*, and *Stanley S. Cohen, Assistant State's Attorney for Baltimore City*, on the brief, for appellee.

PER CURIAM.

The appellant, Gordon Reed, was tried and convicted by Judge Joseph R. Byrnes, sitting in the Criminal Court of Baltimore without a jury, on the first count of a four count indictment charging the appellant with rape, assault with intent to rape, carnal knowledge and assault and battery and was sentenced to serve not more than fifteen years in the Maryland Correctional Institution. He now appeals from his conviction.

Two contentions are raised for our consideration: (1) Did the lower court err in refusing to grant appellant's motion for judgment of acquittal? (2) Was the evidence sufficient to warrant the trial court finding the appellant guilty of rape?

At the conclusion of the evidence offered by the State, the appellant's motion for judgment of acquittal was denied by the trial court. Thereafter, the appellant offered testimony in his own behalf. Under Maryland Rule 755 b, he thereby withdrew his motion. Although not necessary in a non-jury criminal case, the motion was renewed at the conclusion of the entire case. *Jason v. State*, 1 Md. App. 136, 228 A. 2d 485 (1967). Thus the answer to both of the appellant's contentions depends on whether the trial court below had sufficient evidence from which it could be fairly convinced beyond a reasonable doubt of the defendant's guilt of the offense charged. *O'Brien v. State*, 1 Md. App. 94, 227 A. 2d 362 (1967); *Graczyk v. State*, 233 Md. 245, 196 A. 2d 469 (1963).

There was evidence before the court that the sixteen year old prosecuting witness was attacked by several males who carried her to a parked laundry truck, that they forcibly removed her clothing from the lower part of her body after she

refused to remove them herself, that she was forced to have sexual relations with seven males during which time she was hysterical and screaming and that the appellant, whom the victim identified at the trial, was among these seven males. A victim's positive identification of the defendant alone, if believed, is sufficient to sustain a conviction. *Crumb v. State,* 1 Md. App. 98, 227 A. 2d 369 (1967); *Booth v. State,* 225 Md. 71, 169 A. 2d 388 (1961). In addition, Officer John Carter of the Western District, testified that he, after receiving a call to the area, came upon the laundry truck and while investigating discovered the victim, who was hysterical, lying on the floor inside clothed only in a blouse and the appellant standing over her adjusting his trousers. We cannot say, from this evidence, that the trial court was clearly erroneous. Maryland Rule 1086.

*Judgment affirmed.*