## DONALD R. RATH AND CHARLES S. SANDERS *v.* STATE OF MARYLAND

[No. 218, September Term, 1967.]

722

*Decided April 22, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Robert H. Reinhart* for appellants.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Donald*

W. Mason, State's Attorney for Allegany County, on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

William George Gowans was working at the Hudson Service Station about 4:30 A. M. on June 13, 1962. A black Chevrolet containing a driver and a passenger pulled in the driveway. The driver asked for $2.00 worth of gasoline and requested that the oil be checked. After the gasoline and two quarts of oil were put in the car Gowans asked the driver for payment and was told the passenger had the money. As he walked around the car to the passenger, the passenger opened the car door. "He had a .22 pistol in his hand" and said, "This is a stick-up." He demanded the money Gowans had in his pockets, $41.00 and some change, and asked if there was any money in the station. The driver went into the station and found a black box containing $100. He brought the box out and the passenger forced Gowans at gun point to get in the back of the car, threatening to shoot him if he did not obey. They drove about 4 miles on route 40 and then 1½ miles up a side road where they stopped. Gowans was ordered out of the car and told to lie face down. He did so and was struck on the back of the head. One of the men rolled him over, said, "He's out," and the robbers departed in the car. Gowans went to the first house down the road and called the police. The driver was "white, had a mustache, thick rimmed glasses, about five ten, weighed about 140 pounds. He had denim trousers on and a denim jacket and had black wavy hair." He was in his "early twenties." The passenger was "white, about five eight, a little bit shorter and a little bit heavier than the driver, and he was younger and he had no glasses or no mustache and he was dressed in a gray outfit." He had "dark curly hair." As a result of a teletype description of the robbers sent out by the police, the Maryland State Police received information that three men were being held at Greensburg, Pennsylvania, two of whom answered the description of the robbers. An officer went to Greensburg on June 24, 1962 and interviewed the men in custody. The appellants were presented and indicted for the robbery of Gowans on April 3,

1967.[1] They were jointly tried in the Circuit Court for Allegany County without a jury. Each was found guilty of robbery with a deadly weapon on July 21, 1967 and each was sentenced to imprisonment for a term of 5 years to begin "at the expiration of the time served in Pennsylvania."

At the trial Gowans identified the appellants as the men who robbed him, Rath as the driver of the car and Sanders as the passenger. He had appeared before a lineup at the Cumberland Police Station on July 13, 1967. The appellants were in the lineup with six other men "similar to the age group of Mr. Rath and Mr. Sanders, as to ages and height and weight." At the lineup Gowans picked out two men as the ones who had robbed him. Sanders was one of those he identified but the other was a man in no way involved in the crime. Gowans testified that at the time of the robbery, Rath, the driver of the car, had a mustache and wore glasses while no one in the lineup had a mustache. Four men in the lineup had on glasses but Rath and Sanders did not. "I kept thinking of the driver wearing glasses. That is why I said he (the innocent man identified) was driving." He was also standing next to Sanders in the lineup. The record does not indicate that Gowans knew the appellants by name. Counsel for the appellants were present at the lineup but shortly thereafter, Corporal Milton G. Hart of the Maryland State Police, not in the presence of counsel, told Gowans that "one of the men (he) picked was not one of the guys that held up the station." Gowans said he was satisfied with his identification of one of the men he had picked out but he did not say which one, Sanders or Rath. Hart testified that he told Gowans, "he had picked out Mr. Sanders but had not picked out Mr. Rath." He said that he indicated to Gowans that Gowans had picked "the wrong person." "As soon as I mentioned it to him he realized too that he had picked the wrong one." He indicated to Gowans who the right ones were but did not "show him who Mr. Rath was." There was no subsequent lineup. How-

---

1. Apparently the appellants were then serving a sentence in Pennsylvania for robbery and a detainer had been filed by the Maryland authorities. They were returned to Maryland for trial pursuant to the Interstate Agreement on Detainers Act, Md. Code (1967 Repl. Vol.), Art. 27, §§ 616A-616R.

ever, the transcript of the testimony of Gowans at the trial shows the following:

"Q. Have you seen any pictures of the two defendants in this case since the day of the lineup?

A. Since the day of the lineup?

Q. Yes.

A. No, sir, I don't believe.

Q. Have you talked to anybody other than Corporal Hart about your identification?

A. You mean that day or since then?

Q. Since then?

A. Just District Attorney Mason.

Q. You were not shown a picture of the defendants since that time?

A. I think the State's Attorney had some laying on his desk, I think. He asked me if them was the two I picked out up at the gas station from the old photographs and I said yes.

Q. In other words, you saw photographs of these defendants and said that is the two, after the lineup?

A. Yes, sir."

The events described in the above examination occurred on the morning of the trial. The photographs of the appellants referred to were taken in Pennsylvania and Corporal Hart, who was present while the State's Attorney talked to Gowans, saw them on the desk of the State's Attorney but could not say that he saw Gowans view them—"we were discussing the case in general." He did say that Gowans could have had an opportunity to view them.

At the close of the evidence offered by the State the appellants each moved for judgment of acquittal "on the basis the State has not proved a case with regard to his identity." Neither appellant offered evidence in his own behalf. See Md. Rules, 755; *Jason v. State,* 1 Md. App. 136. The conviction of the appellants depended entirely upon their identification by Gowans. As previously stated at the lineup he did not identify Rath but designated an innocent party as the robber driving the car. Upon being told that one of the two men he picked was not one

of the robbers, he was "satisfied about one" he had picked but he did not say which one and did not specifically answer the question asked him, "How did you determine in your own mind then which defendant was correct?", saying in part answer, "It's been five years since I seen these guys." It not being clear from the record which of the identifications made at the lineup he was satisfied was correct, the showing to him on the morning of the trial of a picture of each of the appellants and being asked by the State's Attorney if they were the two he picked out "up at the gas station from the old photographs", tainted his courtroom identification not only of Rath, but also of Sanders, whom he had picked out at the lineup.[2] He was not afforded the opportunity to correct any mistake in his identifications either by a subsequent lineup or by a viewing of a number of photographs, but was shown only a photograph of each of the appellants on the day of the trial. We recognize that the weight to be given a courtroom identification is a matter for the trial court, *Crumb v. State,* 1 Md. App. 98; *Hutchinson v. State,* 1 Md. App. 362, but we are also aware of the rationale of the Supreme Court in *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149. The Court said at p. 228:

> "But the confrontation compelled by the State between the accused and the victim or witnesses to a crime to elicit identification evidence is peculiarly riddled with innumerable dangers and variable factors which might seriously, even crucially, derogate from a fair trial. The vagaries of eyewitness identification are well-known; the annals of criminal law are rife with instances of mistaken identification * * * It is obvious that risks of suggestion attend either form of confrontation (lineup and presentation of a suspect alone to the witness) and increase the dangers inhering in eyewitness identification."

---

**2.** Objection to the admissibility of evidence as to Gowans' identification of the appellants on July 1, 1962 at the gas station from among five or six photographs shown him by the police was sustained by the lower court.

See also *Gilbert v. California,* 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178. *Wade* and *Gilbert* fashioned exclusionary rules to deter law enforcement authorities from exhibiting an accused to witnesses before trial for identification purposes without notice to and in the absence of counsel. But their rules are aimed both at minimizing the possibility of a conviction which rests on a mistaken identification by preventing the unfairness at the pretrial confrontation that experience has proved can occur, and at assuring meaningful examination of the identification witness' testimony at trial. *Stovall v. Denno,* 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199. In the instant case what occurred at the lineup and thereafter, leading to the courtroom identification, is not in dispute. We think that under the circumstances shown in the record the rationale expressed and inherent in *Wade* and *Gilbert* is clearly apposite. The actions of the authorities after Gowans picked out an innocent man at the lineup, failing to identify Rath, seriously and crucially derogated from a fair trial. We find that the appellants were not afforded a fair trial and, so finding, must reverse the judgments.

The appellants also contend that the trial court erred in permitting a police officer to testify as to the descriptions of the robbers given by Gowans shortly after the crime. At the trial the descriptions of the robbers given by Gowans without objection were substantially the same as those stated in the subsequent testimony of the officer. We find no prejudicial error with respect to that contention. See *Lewis v. State,* 2 Md. App. 318.

*Judgments reversed: case remanded for a new trial.*