# HAROLD LATH CHARLES v. STATE OF MARYLAND

[No. 167, September Term, 1967.]

*Decided May 6, 1968.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, and THOMPSON, JJ.

*Norman F. Summers,* with whom was *Harry D. Barnes* on the brief, for appellant.

*Fred Oken, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General* and *Harry J. Goodrick* and *Julius A. Jodlbauer, Assistant State's Attorneys for Cecil County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Harold Lath Charles, the appellant, complains of a conviction of carnal knowledge and assault in a jury trial in the Cir-

cuit Court for Cecil County, alleging an insufficiency of evidence to support the conviction and that the trial judge committed error because he advised a potential defense witness as to his rights under the Fifth Amendment of the Constitution of the United States.

Charles' argument that his motion for acquittal at the conclusion of the testimony should have been granted, is based on the proposition that testimony of the fifteen year old prosecuting witness was insufficient to present a jury question. We have repeatedly held that testimony of the victim of a crime is sufficient to support a conviction for rape. *Johnson v. State,* 3 Md. App. 219, 238 A. 2d 295, *Reed v. State,* 1 Md. App. 662, 232 A. 2d 550. To the same effect see *Booth v. State,* 225 Md. 71, 169 A. 2d 388.

Charles' second contention that it was error for the trial court to warn one of his prospective witnesses of his rights under the Fifth Amendment of the Constitution of the United States, was not in any manner presented to the trial court, and is therefore not before us for review, Maryland Rule 1085. The only relief requested of the trial judge was that the jury be instructed that they could not draw an unfavorable inference against Charles from the refusal of the prospective witness to testify. The request was granted. In addition, Charles made no proffer of what testimony was to be expected from the witness nor did he proceed to question the witness question by question after the privilege was claimed so that the court could properly rule on each question. In *Gaylord v. State,* 2 Md. App. 571, 235 A. 2d 783 we declined relief in a similar situation, saying at 2 Md. App. 571 at 575 :

> "It may be argued the lower court was perhaps overzealous in protecting the rights of the witnesses, Shackleford and Norris, but it must be remembered that they were both infants and were entitled to be informed that their testimony could seriously tend to incriminate them."

In oral argument Charles raises more serious questions. He alleges, and it was conceded by the Attorney General, that at the time of the original trial Charles' trial counsel had been

elected State's Attorney for Cecil County; but that he had not at that time taken his oath of office. At the time of sentencing, after the receipt of a probation report, Charles was defended by the same counsel who had, in the interval, qualified as State's Attorney for Cecil County. He was prosecuted by one of the Assistant State's Attorneys. The Attorney General admits error in that the dual capacity of Charles' counsel at the time of sentencing deprived Charles of due process of law. The Attorney General denies, however, that it was reversible error for Charles to be defended at the trial by a person who had been elected State's Attorney but who had not as yet qualified for that office.

Under Maryland Rule 1031, we would ordinarily be precluded from considering these questions since they were not raised in appellant's brief, *Hyde v. State,* 228 Md. 209, 179 A. 2d 421 construing Rule 831 which governs appeals to the Court of Appeals of Maryland. Rule 831 is substantially the same as Rule 1031. See also *Tawes v. Aerial Products, Inc.,* 210 Md. 627, 124 A. 2d 805. However, in view of the Attorney General's concessions we will affirm the judgment and remand the case for resentencing at a time when Charles is represented by counsel, who does not have conflicting responsibilities.

While we see nothing improper about the sentence imposed by the trial judge, and while our examination of the record discloses no suggestion that Charles was not vigorously and competently represented, we must hold that due process of law is denied to a person whose counsel has a sworn obligation to prosecute him. In *Baynard v. Director,* 2 Md. App. 159, 233 A. 2d 474, we held that it was improper for a State's Attorney to seek to revoke the probation of a person he had previously defended at the trial, relying on *Powell v. Alabama,* 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158. Under Article 5, § 9 of the Constitution of Maryland the State's Attorney is required to perform such duties as are prescribed by law. Md. Code Art. 10, § 34 provides:

> "The State's Attorney for each county and the City of Baltimore shall, in such county or city, prosecute

and defend, on the part of the State, all cases in which the State may be interested."

Since the contention concerning the unfairness of the original trial was not briefed or conceded, we decline to consider that question in these proceedings.

*Judgment of conviction affirmed and case remanded for resentencing in accordance with this opinion.*