# COLUMBUS JOSEPH BROWN *v.* STATE OF MARYLAND

[No. 328, September Term, 1967.]

*Decided July 25, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-
SON, MORTON, ORTH, and THOMPSON, JJ.

*Calvin E. Johnson,* with whom was *Andrew J. Graham* on
the brief, for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom
were *Francis B. Burch, Attorney General,* and *Charles E. Moy-
lan, Jr., State's Attorney for Baltimore City,* on the brief, for
appellee.

PER CURIAM.

Columbus Joseph Brown, the appellant, was convicted under
two separate indictments for robbery with a deadly weapon, in
a trial in the Criminal Court of Baltimore, Judge Thomas J.
Kenney presiding without a jury. He was given two concur-
rent sentences of fifteen years. Brown was also convicted of
some collateral charges but there is no complaint as to merger.
Although the two cases were tried jointly, they were entirely
separate crimes and will be so treated in this opinion.

The testimony with regard to the first Indictment, No. 1963,
can be summarized as follows: William J. Watson, while driv-
ing a cab in the City of Baltimore, picked up two men and
two women at or about 1:00 A.M. on July 18, 1966. When
he arrived at their destination, the male sitting on the left rear
placed a hard piece of metal on the back of his head and told
him he was being held up. The second male, who was sitting
on the front seat with the driver, took his money, as directed
by the first male. After they ran away, the driver jumped out
of his cab, sought assistance from another cabdriver and soon
thereafter, discovered a police car cruising in the area. He
stopped the police car and as he entered it, he saw a woman
who resembled one of his passengers, running across a park,

near the scene of the hold up. The police gave chase and eventually caught her. She was Rebecca Johnson, one of the State's witnesses. The driver was unable to identify the two males.

Rebecca Johnson and Juanita Husband, both testified that Brown came to their house with one James L. Sadler, and requested that they accompany them to Brown's house for the evening to listen to records. All four people were in their twenties and were previously acquainted. They agreed to go and Brown called a cab. Before they arrived at their destination, Brown requested the driver to stop because he did not have enough money to proceed farther, and informed them they would have to walk. As they were getting out of the cab, Brown pulled a pistol and held up the driver. Both women denied taking any part in the hold up and both denied having knowledge of the crime prior to its commission. Neither woman was charged with the offense.

The accomplice, James L. Sadler, implicated Brown as a co-perpetrator of this offense. He also stated that the women knew of the crime before it was committed. Brown claimed to have been in Chicago at the time of the robbery.

On appeal Brown contends the evidence was insufficient to support his conviction for the reason that all three persons who identified him as one of the criminals were his accomplices; and that there was no corroboration of their testimony. We do not agree. The test as to whether or not a person is an accomplice depends upon whether or not he can be tried and convicted for the same offense. 2 Wharton, *Criminal Evidence*, § 448 (Anderson's 12th Ed.). The trial judge, in his opinion, stated that he accepted the testimony of the two women as accurate and we cannot say that his finding was clearly erroneous, Maryland Rule 1086. If that testimony be accepted there is no question but that the two women were not accomplices in the crime. In *Watson v. State*, 208 Md. 210, 117 A. 2d 549, 553 the Court of Appeals said:

> "Polly admitted that she made no objection when appellant placed the baby in the tub of water, and that she did not notify the police. But the fact that a person witnesses a crime and makes no objection to its

commission and does not notify the police does not make him an accomplice. To be an accomplice a person must participate in the commission of a crime knowingly, voluntarily, and with common criminal intent with the principal offender, or must in some way advocate or encourage the commission of the crime."

An accessory after the fact is not an accomplice, *Watson v. State, supra.*

The testimony with respect to Indictment No. 1964 can be summarized as follows: On July 16, 1966, a cabdriver, Johnathan Hilton, was robbed and shot through the neck in the area of Amity and Schroeder Streets in the City of Baltimore. Several months after the crime the police department showed him several pictures.[1] He immediately identified Brown as well as his accomplice as the two who robbed him. At the trial he identified Brown as one of his assailants.

On appeal Brown contends there was insufficient evidence to convict him. He concedes, as he must, the testimony of the victim is ordinarily sufficient to support a conviction, but alleges that the identification was tainted because a police officer stated, after the victim picked Brown and his accomplice from the group of pictures, that the police also thought that those identified were the persons involved, citing *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149. While we have held that police officers can taint an identification by the method in which pictures are shown to the victim, that principle has no application to the present case because the witness unhesitatingly and immediately picked the suspects from the group of pictures which he was shown without any hint or indication from the police officers that they were the two persons involved in the crime. See *Rath v. State,* 3 Md. App. 721, 240 A. 2d 777. See also *Simmons v. United States,* 390 U. S. 377, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968). While we think it would have been better practice for the police officers not to

---

1. Hilton testified that they showed him six or more pictures. A police officer testified that he was shown approximately twelve pictures.

have concurred in the identification, on these facts, we cannot hold that the victim's testimony was so tainted as not to be admissible in the trial or insufficient to support the conviction.

Brown next contends there was an error in permitting Police Officer Barry Fee to testify. Prior to trial, under Maryland Rule 728, Brown had requested the names of the witnesses whom the state intended to call to prove the case in chief. Through typographical error the officer's name was stated as Officer Barry Lee instead of Barry Fee. Although private investigators had been employed to make investigation of the case, no inquiry was made of the State's Attorney's office to check the name of the officer who was listed as a witness. The indictment shows that the officer's name was correctly listed thereon in compliance with Maryland Rule 717. We do not think the trial judge's action was reversible error. Compare *Cropper v. State,* 233 Md. 384, 197 A. 2d 112.

*Judgments affirmed.*