## JOHN HENRY COUSER *v.* STATE OF MARYLAND

[No. 320, September Term, 1967.]

4 

*Decided August 15, 1968.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Russell J. White* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *I. Elliott Goldberg, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

John Henry Couser, the appellant, was convicted under two separate robbery indictments involving one incident and was sentenced to a term of ten years in each case to run consecutively. The trial was conducted in the Criminal Court of Baltimore without a jury.

Couser alleges reversible error in that his testimony concerning the unfairness of the lineup was stricken from the record. Since we agree with this contention it will be unnecessary to give a statement of the facts.

At the trial the appellant testified that the only identification of him at the lineup (held May 3, 1967) was by a police officer who knew him and not by the victims of the robbery, and that further he overheard another police officer encouraging the witnesses to make false identification.[1] On motion by the State's

---

1. *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149, and *Gilbert v. California,* 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178 requiring the presence of counsel at lineups apply only to lineups conducted subsequent to June 12, 1967, *Stovall v. Denno,* 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199. Those cases, do, however, make it clear that the fairness of lineup identifications is a constitutional question.

Attorney that this testimony was "full of hearsay", the trial judge granted a motion to strike the testimony from the record. Merely because words are spoken out of court does not necessarily make them inadmissible. The Court of Appeals and this Court have both held that before lineup testimony can be admitted over objection it must be shown that the lineup was fairly conducted, see *Rath v. State,* 3 Md. App. 721, 240 A. 2d 777, *Reeves v. State,* 3 Md. App. 195, 238 A. 2d 307 and the cases cited therein. This means that the fairness of the lineup was an issue in this case and what was said at the time was therefore not inadmissible testimony.[2] See *Nixon v. State,* 2 Md. App. 611, 236 A. 2d 304, 4 Wigmore, *Evidence* § 1766 (3d ed. 1940). It is, of course, an important factor in determining whether or not a lineup was fairly conducted for the trier of fact to know what, if any, conversation then transpired.

We have repeatedly held that there is no obligation on the trial judge to believe the testimony of the accused, *Adams v. State,* 4 Md. App. 135, 241 A. 2d 591, *Gunther v. State,* 4 Md. App. 181, 241 A. 2d 907, *Eley v. State,* 4 Md. App. 230, 242 A. 2d 175 but this does not mean that the trial judge is at liberty to strike it from the evidence.

*Judgments reversed and cases remanded for new trial.*

---

**2.** Professor Wigmore's theory is that it is not hearsay at all, but other writers hold that it is a *res gestae* exception to the hearsay rule. 4 Wigmore. *Evidence* § 1767 (3d ed. 1940).