**UNITED STATES of America, Appellee,**

v.

**Robert Eugene KENNEDY, Appellant.**

**No. 71–2000.**

United States Court of Appeals, Ninth Circuit.

Nov. 15, 1971.

Rehearing Denied Dec. 27, 1971.

John P. Moran, Phoenix, Ariz., for appellant.

Richard K. Burke, U. S. Atty., Phoenix, Ariz., for appellee.

Before CHAMBERS, MERRILL and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant was indicted, tried and convicted in a jury trial on two counts of violating 18 U.S.C. § 2113(a) and (d) [bank robbery].

### BACKGROUND

A Phoenix, Arizona bank was robbed on March 8, 1971. That afternoon a teller (Layton) in the bank was asked to look at 50 to 60 photographs in what is commonly known as the "Mug" book. She selected one of the pictures as "generally resembling" the robber. Appellant's picture was not in the book. On the evening of March 8, 1971, after flashing a huge roll of bills, appellant was arrested. The serial numbers on some of the bills matched the "bait" money which was delivered to the bank robber. That night appellant was photographed and his photo, together with six others, shown to Layton. She selected appellant's photograph as that of the robber, though she said she could not

**1090**

make an "absolutely positive identification" from a photograph. Prior to trial, appellant asked an FBI agent to arrange for a "line-up" so as to test the Layton identification. The request was not granted. On trial, Layton positively identified appellant as the robber and, on cross-examination, said that the photos played no role in the in-court identification process.

## CONTENTIONS

Appellant argues: (1) that he had a constitutional right to have Layton's identification tested in a line-up, and (2) that certain questions propounded by the judge constituted prejudicial error.

## LINE-UP

 Appellant does not argue that the procedures used in presenting the photographs to Layton were impermissibly suggestive, in violation of the rule stated in Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Instead, he argues that he was entitled, as a matter of right, to have the authorities assemble a group of people in what is known in police practice as a line-up. Although Justice Sullivan's dissent in People v. Lawrence, 481 P.2d 212, 93 Cal.Rptr. 204 (1971), tends to support appellant's argument, the issue has been decided against him in United States v. MacDonald, 441 F.2d 259 (9th Cir. 1971) and United States v. Williams, 436 F.2d 1166, 1168 (9th Cir. 1970). There is nothing in the record to indicate an abuse of discretion on the part of the trial judge. Neither United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), nor Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), apply to these facts.

## JUDGE'S QUESTIONS

 During the trial of the case, it is not unusual for a judge to ask questions of witnesses. A judge in the federal system is more than a mere referee. Our independent examination of the record convinces us that the questions were put in an impartial manner and propounded at intervals where there was apparent ambiguity and confusion in the testimony. Nowhere, do we find questions which were impermissibly slanted, nor do we find even a trace of improper argumentation. Cf. Ochoa v. United States, 167 F.2d 341 (9th Cir. 1948); Glasser v. United States, 315 U.S. 60, 82, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Moreover, the Judge's cautionary instructions were adequate to dispel any possible impropriety in the questioning. Smith v. United States, 305 F.2d 197, 204 (9th Cir. 1962).

Affirmed.