**UNITED STATES of America**

v.

**Gary E. CALDWELL, Appellant.**

**No. 72–1926.**

United States Court of Appeals,
District of Columbia Circuit.

Argued June 6, 1973.

Decided June 22, 1973.

---

**488**

Howard Monderer, Washington, D.C., (appointed by this court), for appellant.

John C. Lenahan, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Richard L. Cys, Asst. U. S. Attys., and Herbert B. Hoffman, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee.

Before: McGOWAN and LEVENTHAL, Circuit Judges, and GESELL,* United States District Judge for the District of Columbia.

PER CURIAM:

The circumstances giving rise to this appeal are set forth in the opinion issued when the case was before us earlier. United States v. Caldwell, 151 U. S.App.D.C. 84, 465 F.2d 669 (1972). At that time we expressed concern about the fact that the trial court had apparently denied appellant's pretrial motion to hold a lineup upon a misconception of what the facts were.[1] Accordingly, we remanded the case in order that the trial court might make "a fresh determination as to what action should be taken in the interest of justice." In making that remand, we noted that "[i]t is not now possible to provide a lineup providing the same assurance as that which would have been furnished on the granting of defendant's motion, especially since the trial itself added some suggestiveness, with the defendant conspicuous at the defense table." We thought, however, that a new lineup might possibly be of some value, although we left the trial court very much at large with respect to what might feasibly be done.

The hearing on remand consisted entirely of a colloquy between defense counsel, the prosecutor, and the court. This culminated in an agreement by counsel to the effect that the holding of a lineup at this remote point in time would serve no useful purpose. If the witnesses identified appellant at such a lineup, the defense would be able to make a very persuasive argument that such an identification would be fatally tainted by the fact that the witnesses had observed appellant throughout the trial. If, contrarily, the witnesses failed to identify appellant at the lineup, the Government could urge that this was not significant in view of the fact that three

---

* Sitting by designation pursuant to Title 28 U.S.Code Section 292(a).

1. The court purported to be concerned about unnecessary inconvenience to the witnesses, and in this regard it remarked: "Well, if it were a one-witness case and there were some doubt about the identification, but this is a two-eyeball witness identification." The trouble with this statement is that the prosecution had only one effective eyewitness to each of the two robberies of the same store with which appellant was charged, Mrs. Millard and Mrs. Body. A third eyewitness, Mrs. Ethridge, had been present at both robberies, but had failed to identify appellant at a formal lineup.

The robberies in question occurred on January 22 and February 2, 1970; and appellant was arrested on March 18, 1970. The formal lineup attended by Mrs. Ethridge was held on March 24, 1970. Appellant's motion to hold a lineup for Mrs. Millard and Mrs. Body was heard and denied on July 7, 1970; and the trial commenced one week later.

years had elapsed since the robbery. Counsel for both sides, accordingly, joined in urging the court to let the matter of the ultimate disposition of this appeal rest with us.

The trial court, in its Memorandum and Order issued upon remand, followed this advice. In the course of so doing, the court said, with respect to its denial of the motion for a lineup, that "[a] lineup proceeding may have and probably would have been preferable in light of the information we now possess." It was not disposed to believe that the interests of justice required reversal for a new trial but it felt obliged to "defer to the Court of Appeals on the ultimate question of whether failure to order a lineup on July 7, 1970 was erroneous and so prejudicial to the defense offered by the accused that it warrants a new trial." It said in this connection that "while its retrospective preferences may be for an alternate course of action on that date, [it] does not believe they can be implemented at this juncture by the prospective remedies available to it." Finally, the District Court reported its regrets that "it is unable to assure the Court of Appeals that a new trial, should it follow, would better serve the interests of justice than the old."

We agree with the District Court that the time has long since passed when the holding of a lineup would be a meaningful step. As we pointed out in our earlier opinion (at p. 671 of 465 F.2d), the court clearly had power to order such a lineup, and we have considerable difficulty in understanding why the prosecution chose to resist appellant's motion. The one eyewitness who had been present at both robberies, Mrs. Ethridge, had failed to identify appellant at a formal lineup held shortly after his arrest. Mrs. Millard had been present at one of the robberies, and Mrs. Body at the other. Their view of appellant after his arrest had been taken under less than ideal circumstances several weeks after the robberies themselves.[2] We see no justification for their not having been summoned to a formal lineup, in the same way as was Mrs. Ethridge. In any event, since they were not, there was every reason why the pretrial request by appellant for such a lineup made sense.

We have no quarrel with the District Court's finding on remand that the situation is beyond repair in that tribunal, either on the present record or on one to be made in a new trial. Thus, we think that the interests of justice require that the conviction be set aside and the case remanded to the District Court with directions to dismiss the indictment.

It is so ordered.

2. *See*, pp. 670–71 of 465 F.2d. At a hearing out of the presence of the jury at the beginning of the trial, the District Court ruled that Mrs. Millard could not testify about her identification of appellant when he was in custody shortly after his arrest, for the reason that that confrontation was of a highly suggestive nature. The court did rule that Mrs. Millard could make an in-court identification because of what the court considered to be an independent source for such an identification in the observation Mrs. Millard had of appellant at the time of the crime itself. Mrs. Body's identification after the arrest was apparently assumed to have fallen within

Russell v. United States, 133 U.S.App. D.C. 77, 408 F.2d 1280, cert. denied, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969). This last is a dubious proposition at best, since the confrontation in question, unlike that in *Russell*, occurred several weeks after the robbery. Appellant continues to challenge the basis of the court's finding of independent source in the case of Mrs. Millard, but we do not pursue the question because such an in-court identification would still leave only one eyewitness in the case of each robbery—the very circumstance which gave force to appellant's motion for a lineup.