COMMONWEALTH *vs.* JAMES JOHNSON (and three companion cases[1]). October 2, 1974. The defendants were convicted of armed robbery after a jury trial held pursuant to G. L. c. 278, §§ 33A-33G. The defendant Johnson was also convicted of the unlawful possession of a sawed-off shotgun and of assault by means of a dangerous weapon. Both defendants assign as error the denial of motions for a lineup and of a motion to strike the victim's in-court identification. The motions for a lineup were denied in a proper exercise of the judge's discretion. *Commonwealth* v. *Jones,* 362 Mass. 497, 501 (1972). Under Rule 101B of the Superior Court (as amended effective June 1, 1971) the trial judge was not required to consider the defendant's motion to strike as no motion to suppress had been filed. In addition there was no objection to the in-court identification when made, and no voir dire was requested. Further, there was no indication that defense counsel's action was inadvertent. *Commonwealth* v. *Denault,* 362 Mass. 564, 566 (1972). *Commonwealth* v. *Stanley,* 363 Mass. 102, 104 (1973). In any event, the testimony of the victim on which the motion is based does not sustain the defendant's burden of showing that the in-court identification was tainted by the victim's viewing of the defendant in the District Court. *Stovall* v. *Denno,* 388 U. S. 293, 301-302 (1967). The defendant Johnson also assigns as error the denial of his motion for a directed verdict on the charge of assault. After he was arrested for the robbery Johnson escaped and ran down a narrow alley with a police

---

[1] Two of the companion cases are against James Johnson and one against Steven M. Williams.

officer in pursuit. Johnson disregarded two orders to halt but upon a third command stopped and began to turn, displaying a piece of metal which appeared to the officer to be a weapon. The officer then drew his service revolver and shot Johnson in the shoulder. As Johnson fell, a sawed-off shotgun dropped from his hands. Johnson's actions were sufficient to create in the officer a "reasonable apprehension of receiving an immediate battery . . .." See *Commonwealth* v. *Henson,* 357 Mass. 686, 692 (1970). Johnson's motion was therefore properly denied. As other assignments of error have not been argued in the defendants' brief, we do not consider them here. Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972).

*Judgments affirmed.*

*David Rossman* for the defendants.

*William F. Linnehan,* Assistant District Attorney, for the Commonwealth.