COMMONWEALTH *vs.* JIMMY T. BRADLEY. November 18, 1975. This is
an appeal under G. L. c. 278, §§ 33A-33G, from convictions of rape and
assault and battery by means of a dangerous weapon. The defendant,
a black man, argues a single assignment of error, the denial of his mo-
tion "to allow more than one black to sit in the defendant's dock to in-
sure proper identification of defendant in court," a request in substance
for an in-court lineup for identification purposes at trial. There is no
constitutional requirement that in-court identification of a defendant
be conducted as a lineup. *Commonwealth* v. *Wheeler, ante,* 387, 391
(1975). Whether to accede to the defendant's request for an in-court
lineup rested within the sound discretion of the judge. See *Common-
wealth* v. *Bumpus,* 362 Mass. 672, 680 (1972), judgment vacated on
other grounds, 411 U. S. 945 (1973), affd. on reh., 365 Mass. 66 (1974).
Obviously, an element of suggestion existed in the relative isolation of
the defendant in the dock. It has been held, nonetheless, that "counsel
[for the defendant] has the responsibility, by way of cross-examination,
to bring to the attention of the trier of facts any circumstances which
tend to cast doubt upon a witness's identification testimony." *Common-
wealth* v. *Jones,* 362 Mass. 497, 500-501 (1972). Absent a showing of an
abuse of discretion which prejudices the defendant's opportunity for a
fair trial, the judge's ruling is not to be disturbed. There is no such
showing here. Cases upon which the defendant places reliance dealt
with assertions that in-court identifications were tainted by prior im-
permissible out-of-court confrontations between the witness and the
defendant. Here there had been no such confrontation, suggestive or
otherwise, and the victim was permitted to identify the defendant as
her assailant at the trial held thirteen months after the assault. Con-
trary to the defendant's assertion, the victim not only had ample op-
portunities prior to, during and immediately following the assault to
observe her assailant but also, as the record shows, to receive "a firm
contemporaneous impression" of him not likely to have been influenced
by subsequent events. *Commonwealth* v. *Ross,* 361 Mass. 665, 672
(1972), judgment vacated on other grounds, 410 U. S. 901 (1973), affd.
on reh., 363 Mass. 665 (1973).

*Judgments affirmed.*

*Charles L. Johnson* for the defendant.
*W. James O'Neill,* Assistant District Attorney, for the Common-
wealth.