338 So.2d 1356 (1976)
STATE of Louisiana, Respondent,
v.
Paul E. BOETTCHER, Relator.
No. 57558.
Supreme Court of Louisiana.
September 13, 1976.
Dissenting Opinions September 21, 1976; November 11, 1976.
*1357 John E. Conery, Franklin, for relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Edward M. Leonard, Jr., Walter J. Senette, Jr., Asst. Dist. Attys., for respondent.
TATE, Justice.
On the defendant's application, we granted supervisory writs primarily to review his contention that he has improperly been denied a physical lineup whereby his innocence of the charge of murder against him may be demonstrated. 329 So.2d 451 (1976).
The primary basis of the charge of murder made against him is verbal descriptions of his appearance and photoidentification of him by two witnesses to the incident, as well as the witnesses' identification of a motor vehicle found in his possession as similar to the one used by the killer. Despite his request, the defendant has never been afforded a physical lineup before these witnesses.
We granted certiorari to examine the issue of when, if ever, the trial court in its sound discretion may order a lineup to be conducted, if requested by an accused.
Facts
The defendant is charged with second degree murder of Robin McDevitt. The killing took place inside a Morgan City bar about four o'clock in the morning.
A man drove up in a car outside the bar and asked a man (Clifton) coming out of the bar if he knew a certain boat captain. After Clifton said he did not, the man pulled a gun on Clifton and ordered him to go back in the bar.
Once inside, the man asked again about the boat captain. He then left, announcing that anyone who tried to get his license number would be shot.
Robin McDevitt came forward and was hit by one of several bullets the killer shot into the bar. The killer sped away and McDevitt died.
The police found a car meeting the description of the perpetrator's car and determined that the car belonged to Boettcher, the present accused. When they learned that Boettcher worked on a boat and that his physical description generally met the description of the killer, they located Boettcher on the boat where he worked and arrested him.
The police took a photograph of Boettcher, and returned to the bar with that picture and five others for a photographic showup. The police interviewed about twenty-five people that day and the next, asking them to identify the perpetrator. Only two of these people identified the defendant, Clifton and another man.
In Boettcher's pro se brief to this court, he contends that Clifton, the only witness who the record reveals has come forward against him, positively identified another man, not Boettcher, before he was shown the photographic showup. Boettcher alleges in brief that the information came to him through one of his appointed counsel, who had learned it from a policeman.
*1358 A preliminary hearing was held at which defendant waived his right to be present. The district court asked that the record show that "the defense counsel here has requested that this preliminary examination be conducted without the presence of the defendant, the defense counsel apparently not wishing to have the defendant exposed to those who will identify or attempt to identify him later."
At the preliminary hearing, Boettcher's appointed counsel made an oral motion that the state "conduct a lineup at the preliminary hearing, or in connection with or at the time of this preliminary hearing, wherein the defense counsel has requested that the defendant be placed in a lineup, along with some five or six other persons," to see if the witnesses can identify him. The court overruled the motion on its holding that, under Louisiana jurisprudence, "a defendant is not entitled to such an out-of-court or out-of-trial time lineup for purposes of seeing if the state's witnesses can identify him."
Thereafter, Boettcher was indicted by the grand jury for the second degree murder of McDevitt.
Principle issue
The defendant questions the trial court's denial of a motion for a lineup. He alleges that several witnesses failed to identify him from photos and that the only one who has actually identified him from photos positively identified another man before seeing the photos.
Louisiana authority
No statutory authority mandates (or forbids) a court to order a lineup at the defendant's request, in order to assure the fairness of the trial. However, La.C.Cr.P. art. 3 expressly authorizes to courts to adopt procedures not specified by statute, if consistent with the spirit of the provisions of the code and other applicable statutory and constitutional provisions.[1]
Four Louisiana cases have found no error in a trial judge's refusal to grant a defendant's request for a lineup. In each instance, the defendant contended that he was entitled to a lineup in order to avoid the suggestion inherent in an in-court identification, but this court held without discussion that the defendant had no right to demand a lineup. State v. Daniels, 326 So.2d 340 (La.1976); State v. Wright, 316 So.2d 380 (La.1975); State v. Bluain, 315 So.2d 749 (La.1975); and State v. Brooks, 294 So.2d 503 (La.1974). In Brooks and Daniels, we suggested that defense counsel's right to cross-examine and question the weight to be given identification testimony was sufficient to remedy any suggestion inherent in the in-court identification process.
These decisions, however, all concerned the review of convictions after trial on the merits, where in fact no suggestive identification procedures were proved. Although in some instances the language may have been broader, the actual holding in each case was that, under its circumstances, no reversible error was shown to have there resulted from the trial court's denial of the lineup.
In the present case, unlike in the cited decisions, we for the first time examine whether, in advance of a trial, a lineup should be judicially ordered, upon proper showing and if requested by the defendant, to assure the fairness of the identification procedures and possibly to prevent an accused's being subjected to trial despite the lack of any reliable identification of him as the offender (where visual identification is indeed the essential basis of the charge against him).
Fairness-context of the issue
The policy behind the careful judicial examination of identification procedures should initially be noted. As the United *1359 States Supreme Court declared in United States v. Wade, 388 U.S. 218, 228-29, 87 S.Ct. 1926, 1932-33, 18 L.Ed.2d 1149 (1967):
"A major factor contributing to the high incidence of miscarriage of justice from mistaken identification has been the degree of suggestion inherent in the manner in which the prosecution presents the suspect to witnesses for pretrial identification. A commentator has observed that `[t]he influence of improper suggestion upon identifying witnesses probably accounts for more miscarriages of justice than any other single factorperhaps it is responsible for more such errors than all other factors combined.' Wall, Eye-Witness Identification in Criminal Cases 26. Suggestion can be created intentionally or unintentionally in many subtle ways. And the dangers for the suspect are particularly grave when the witness' opportunity for observation was insubstantial, and thus his susceptibility to suggestion the greatest."
An accused may desire a lineup in order to avoid unfair identification of him as the offender, or his own unnecessary subjection to trial on the charge, for at least three reasons.
First, an innocent defendant may want to exculpate himself as soon as possible. If identification is a central issue and the accused can prove to the prosecutor before trial that crucial eye-witnesses cannot identify him, the charges may well be dropped.
Second, even if the defendant is identified at the lineup he requests, it may be to his interest to discover early in the criminal proceedings the strength or not of the identification testimony. If, for instance, it is strong, he may wish to plead guilty by way of plea bargain.
Third, the defendant will want to make sure that his identification is as free from suggestion as possible. Identification in court at trial or at a preliminary hearing, where the accused sits at the defense table (and may for instance be the only black or person under twenty-five in the courtroom) may be highly suggestive. A witness who might be reluctant to identify the defendant if given the choice of two persons with similar features, might have little hesitancy in identifying the only man in the courtroom who fits the witness' description, especially in light of the fact that this man behind the defendant's table is clearly the man the prosecutor thinks committed the crime. (Further, as Wade indicates, once a witness has identified the accused in the suggestive surrounding of a preliminary hearing, he will not be likely to change his mind.) Thus the defendant has a crucial interest to be subject to identification procedures under the least suggestive circumstances possibleand this, of course, is also in the interests of the state, which desires to convict only guilty men and then only after a fair trial.
Other American jurisdictions
In the absence of controlling Louisiana statute or jurisprudence, we shall examine the national jurisprudence on the issue.
Both state and federal courts have held that there is no constitutional right to a lineup. See, e.g.: Bowen v. State, 5 Md. App. 713, 249 A.2d 499 (1969); Commonwealth v. Bradley, 336 N.E.2d 925 (Mass. App.1975); People v. Calinda, 83 Misc.2d 520, 372 N.Y.S.2d 479 (1975); Commonwealth v. Evans, 460 Pa. 313, 333 A.2d 743 (1975); Fogg v. Commonwealth, 208 Va. 541, 159 S.E.2d 616, 620 (1968); Holmes v. State, 59 Wis.2d 488, 208 N.W.2d 815 (1973); U. S. v. Kennedy, 450 F.2d 1089 (CA 9, 1971), cert. denied, 406 U.S. 924, 92 S.Ct. 1793, 32 L.Ed.2d 125 (1971); U. S. v. Ravich, 421 F.2d 1196 (CA 2, 1970), cert. denied, 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66 (1970); U. S. v. Munroe, 421 F.2d 644 (CA 5, 1970), cert. denied, 400 U.S. 851, 91 S.Ct. 79, 27 L.Ed.2d 89 (1970). See also: 1 Underhill's Criminal Evidence, Section 127 at p. 345 (footnote 23) (6th ed., 1973), and cases cited therein; Sobel, Eye-Witness Identifications: Legal and Practical Problems, Section 23 (1972) and cases cited therein.
As held in some of the cited decisions, a pretrial identification by lineup or photo array is not a prerequisite to an in-court identification of the accused, although the *1360 lack of one may affect the weight of the identification testimony. See, e.g.; Puckett v. State, 233 Ga. 449, 211 S.E.2d 740 (1975); People v. Gardner, 35 Ill.2d 564, 221 N.E.2d 232 (1966); U. S. v. Hill, 449 F.2d 743 (CA 3, 1971).
When the issue is presented, the courts have usually affirmed on appeal the denial of an in-court lineup (i.e., at the merit-trial) on the grounds that the matter is one committed to the sound discretion of the trial court. See, e.g., Commonwealth v. Johnson, 316 N.E.2d 763 (Mass.App.1974); U. S. v. Williams, 436 F.2d 1166 (9th Cir. 1970). (See 436 F.2d 1168, likewise citing protective orders within judicial discretion to avoid in-trial suggestive identification at the trial.) See, e.g.: Commonwealth v. Jones, 287 N.E.2d 599 (Mass.1972); State v. Morris, 259 La. 1001, 254 So.2d 444 (1971). Cf. also, U. S. v. Roberts, 481 F.2d 892 (CA 5, 1973) and People v. Clark, 52 Ill.2d 374, 288 N.E.2d 363 (1972).
While most jurisdictions have held that the defendant has no right to a lineup, several decisions have noted the desirability of ordering one for the defendant upon his proper showing. In People v. Maire, 42 Mich.App. 32, 201 N.W.2d 318 (1972), the lower court's order for defense counsel and the prosecution to select persons to be used in an in-court lineup was upheld, despite contentions, inter alia, that the order exceeded the power of the judiciary in that it directed and controlled the evidence to be presented by the prosecution and that by ordering such a procedure the magistrate abrogated his duty to determine from all the facts presented by the prosecution whether probable cause exists. The decision stated: "The court is entitled, in its discretion and in its inherent power to control the proofs, to require a procedure which assures the reliability of the identification process." 201 N.W.2d 318 at 323.
In U. S. v. Ravich, 421 F.2d 1196 (CA 2, 1970) the Second Circuit held that the prosecutor's failure to conduct a lineup did not violate the Sixth Amendment's Confrontation and Compulsory Process clauses nor the due process rights to present a proper identification defense. However, the court noted, 421 F.2d 1203: "On the other hand, we can see how a prompt line-up might be of value both to an innocent accused and to law enforcement officers. A pretrial request by a defendant for a line-up is thus addressed to the sound discretion of the district court and should be carefully considered. Without any attempt to be be exhaustive, we think some relevant factors are the length of time between the crime or arrest and the request, the possibility that the defendant may have altered his appearance. . ., the extent of inconvenience to the prosecution witnesses, the possibility that revealing the identity of the prosecution witnesses will subject them to intimidation, the propriety of other identification procedures used by the prosecution, and the degree of doubt concerning the identification." See also U. S. v. Zane, 495 F.2d 683, 699-700 (CA 2, 1974).
We found no decision which set aside a trial court's exercise of its discretion to order a lineup upon a proper showing by the defendant, and none which intimated that such an action by the trial court is impermissible under any circumstances. To the contrary, many of the previously cited decisions specifically note that the matter is entrusted to the sound discretion of the trial court, some further noting that a failure to afford such a protective measure might under certain circumstances constitute an abuse of discretion. See, e.g.: U. S. v. MacDonald, 441 F.2d 259 (CA 9, 1971); U. S. v. Williams, 436 F.2d 1166 (CA 9, 1970).
The usual rule is that no constitutional right mandates an out-of-court pretrial lineup. The California Supreme Court has held, however, that due process fairness may require that an accused, upon proper and timely showing, be afforded a pretrial lineup; and it ordered one, reversing the trial court's denial. Evans v. Superior Court, 11 Cal.3d 617, 114 Cal.Rptr. 121, 522 P.2d 681 (1974). The court noted, 114 Cal. Rptr. 126, 522 P.2d 686, that "The right to a lineup arises, however, only when eyewitness identification is shown to be in material *1361 issue and there exists reasonable likelihood of a mistaken identification which a lineup would tend to resolve." In so deciding, the court in part based its conclusions upon the reciprocal-fairness doctrine of Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), and upon the state's duty not to deny a defendant access to favorable evidence, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
The Evans decision has received scholarly approval. See: Note, Pretrial Identification Procedures: The Expanded Duty to Disclose Favorable Evidence, 50 Notre Dame Lawyer 508 (1975); Comment, Due Process Fairness Requires That Accused be Given a Pretrial Discovery Right to a Lineup, 24 Catholic U.L.Rev. 360 (1975); and Note, Criminal ProcedureDue Process Defendant's Right to a Lineup as a Means of Discovery, 21 Wayne L.Rev. 991 (1975); 1974/1975 Annual Survey of American Law 176 (1976).
Where a trial court had denied the defendant a pre-trial lineup under circumstances which made the in-trial identification impermissibly suggestive, in at least one instance a consequent conviction was set aside as irredeemably tainted. U. S. v. Caldwell, 156 U.S.App.D.C. 312, 481 F.2d 487 (1973), see earlier decision also, 151 U.S. App.D.C. 84, 465 F.2d 669 (1973). See also Witcher v. State, 17 Md.App. 426, 302 A.2d 701 (1973).
Based upon considerations of fundamental fairness and trial efficiency, the American Law Institute's Model Code of Pre-Arraignment Procedure recommends affording a pre-trial lineup to the defendant, if he requests it for good cause. Section 160.2(4)(d), Section 170.2(2)(b), (6), (8). To the same effect is Rule 437 of the Uniform Rules of Criminal Procedure, Rule 437 (1974), adopted by the National Conference of Commissioners on Uniform State Laws. Likewise to the same effect, for similar reasons, is the proposed Federal Rule of Criminal Procedure 41.1(k), see recommended rule and advisory committee report at 52 F.R.D. 409, 466, 471 (1971).
Conclusion as to lineup
In accord with the national jurisprudence, we conclude that an accused has no constitutional or legal right to order a lineup. However, we likewise conclude that a district court has broad discretion to order one or not, in the interests of the fairness of the identification of the defendant, upon proper showing of an exceptional nature that otherwise the trial testimony as to his visual identification (if a material issue) may not be reliable. (The trial court likewise has broad discretion to order protective measures other than a pretrial lineup, such as by seating the defendant elsewhere than in the normal place of an accused in the courtroom).
Therefore, in the present instance, the trial court was in error in concluding that it did not possess any discretion to grant the defendant's request for a pretrial lineup, even if a proper showing was made that such is necessary to prevent irreparably suggestive in-trial identification (such as by the natural identification of the defendant as the offender by first viewing him alongside defense counsel at a pretrial hearing or at the trial on the merits.) A nonsuggestible identification procedure of this nature may assure the fairness of the identification of the defendant and may avoid suggestive identifications or denials of due-process rights of constitutional dimensions; it may not only assure the fairness of the trial, but also safeguard from post-trial attack any conviction thereby obtained.
The trial court therefore has the inherent power, see La.C.Cr.P. art. 3, to order a pretrial lineup in its broad discretion, upon a proper showing that the interests of justice will thereby be served. This showing may be met under the evidence reflected by the present record, and in the absence of factors such as suggested in U. S. v. Ravich, 421 F.2d 1196, 1203 (CA 2, 1970), which justify a trial court's exercise of its discretion not to order a lineup. This evidence indicates that the reliability of an eyewitness identification (from photographs only, based on observations in the early *1362 hours of the morning) is shown to be a material issue, and that there exists a reasonable likelihood of a mistaken identification (only two of twenty-five people present were able to identify the accused from the photographs) that a lineup would tend to resolve, and that a lineup has never been held.[2]
We therefore remand this case to the trial court, with instructions to it to hold a hearing as to whether a nonsuggestive lineup to be conducted, in the light of the principle above set forth.
Other substantial issue
An additional contention is made that the defendant has been denied his constitutional right to represent himself, Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (overruling State v. Frizzell, 273 So.2d 831 (La.1973), despite his consistent requests to do so. The record reflects some support for these contentions, see minute entry for February 13, 1976 and transcript of hearings of December 3, 1975 and October 16, 1975. On the other hand, the record does not clearly show that no waiver of this right took place. See State v. Snoddy, 332 So.2d 800 (La.1976).
We do not rule upon this issue at this time, but we do note, for purposes of final review (if any), that the waiver or not should be definitely ascertained and demonstrated in the record before the trial. Further, if the accused elects to defend himself, we do not intend to intimate that the trial court does not have discretion to appoint an attorney to assist him.
Other contentions made in brief are likewise properly reviewable on appeal in the event of conviction.

Decree
For the reasons assigned above, we set aside the trial court ruling denying the defendant a lineup, and we remand this case to the district court for further proceedings consistent with the views expressed herein.
REMANDED.
SANDERS, Chief Justice (dissenting).
We have heretofore held that a defendant in a criminal prosecution has no right to demand a pre-trial lineup. See State v. Daniels, La., 326 So.2d 340 (1976); State v. Wright, La., 316 So.2d 380 (1975); State v. Bluain, La., 315 So.2d 749 (1975); State v. Brooks, La., 294 So.2d 503 (1974).
These holdings are consistent with the weight of authority in both state and federal courts. See, e.g., Fogg v. Commonwealth, 208 Va. 541, 159 S.E.2d 616 (1968); Holmes v. State, 59 Wis.2d 488, 208 N.W.2d 815 (1973); U. S. v. Kennedy, 450 F.2d 1089 (9th Cir. 1971), cert. denied, 406 U.S. 924, 92 S.Ct. 1793, 32 L.Ed.2d 125 (1971); U. S. v. Munroe, 421 F.2d 644 (5th Cir. 1970) cert. denied, 400 U.S. 851, 91 S.Ct. 79, 27 L.Ed.2d 89 (1970).
In the present case, the majority holds that the trial court should entertain the motion of a defendant for a pre-trial lineup, that under the guidelines set forth, the demand is addressed to the discretion of the trial judge, and that the trial judge should hold an evidentiary hearing as a basis for exercising his discretion. On the surface, the holding seems harmless enough. On closer analysis, however, it becomes clear that the holding adds a new burden to our already heavily encumbered criminal justice system. It creates a new class of hearings to be held by the trial judge, to be ruled upon by him, and to be reviewed by this Court for abuse of discretion. In my opinion, the trend toward adding new time-consuming mechanisms to our criminal justice procedures has gone far enough. I would stop it here.
*1363 For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by the Chief Justice.
NOTES
[1] Pursuant to this authority, for instance, this court judicially extended the function of the motion to suppress, in the absence of specific legislative provision to do so, to testimony alleged to be tainted by improper lineup procedures. State v. Wilkerson, 261 La. 342, 259 So.2d 871 (1972).
[2] Such a showing might also be met by information not patently unreliable which tends to suggest that another person committed the crime, at least when a principal part of the evidence against the accused is the alleged identification by an eyewitness to the offense. Since no hearing has been held on the defendant's allegation to such effect, we do not base our present holding upon this circumstance potentially present according (only) to the defendant's allegations.