COMMONWEALTH *vs.* WALTER A. NASS. October 8, 1981. The defendant was convicted of unarmed robbery by a Superior Court jury. On appeal, he asserts that the judge erred in (1) denying him leave to impeach the victim's credibility by introduction of the victim's conviction as a disorderly person; (2) refusing to permit a one-on-one confrontation in the

courtroom between the victim and the defendant's confederate in the commission of the crime; and (3) denying his motion for a new trial. We find no reversible error and, as a consequence, affirm the conviction.

1. The cross-examination of the victim was lengthy and thorough and presented the jury with several substantial questions pertaining to the victim's credibility. We are satisfied that impeachment of the victim by his prior conviction as a disorderly person would have added "no more than minimally to the damage already done." *Commonwealth* v. *Kerrigan*, 370 Mass. 859, 860 (1976). Compare *Commonwealth* v. *Simpson*, 370 Mass. 119, 123-124 (1976); *Tucker* v. *United States*, 431 F.2d 1292, 1293 (9th Cir. 1970), aff'd on other grounds, 404 U.S. 443 (1972). This fact, viewed in light of the dubious connection between the conviction and the witness' veracity (see *Commonwealth* v. *Boudreau*, 362 Mass. 378, 382 [1972]; contrast *Commonwealth* v. *Cook*, 371 Mass. 832, 834 [1977]), and in light of the existence of ample uncontroverted evidence establishing the defendant's guilt, renders the error in excluding the conviction (see *Commonwealth* v. *Diaz*, 383 Mass. 73, 80 [1981]) harmless beyond a reasonable doubt under both of the pertinent formulations. See *Chapman* v. *California*, 386 U.S. 18, 24 (1967), and *Milton* v. *Wainwright*, 407 U.S. 371, 372-373 (1972), as discussed in *Commonwealth* v. *Hanger*, 377 Mass. 503, 510-511 (1979).

2. The judge was under no compulsion, constitutional or otherwise, to allow the defendant's oral request to stage a one-on-one confrontation in the presence of the jury between the victim and the defendant's confederate in the crime, one Hall. This is not a case involving assertions that the in-court identification was tainted by prior impermissible out-of-court confrontations between the witness and the defendant. The infirmities in the victim's ability to differentiate between the roles of the two robbers and their respective identities were fully explored by cross-examination which was not limited in any significant respect. The cases upon which the defendant primarily relies indicate that requests for courtroom lineups or confrontations should generally be developed on a voir dire outside of the jury's presence so that the trial judge can effectively rule on the admissibility of the evidence, and they are not helpful here. See *Commonwealth* v. *Dickerson*, 372 Mass. 783, 789 (1977); *Commonwealth* v. *Dougan*, 377 Mass. 303, 317 (1979). See also *Commonwealth* v. *Mendes*, 361 Mass. 507, 511 (1972). We also note that the defendant failed to request that the victim remain available to view Hall when Hall was called as a witness for the defense. We thus perceive nothing which would indicate that the judge abused his discretion (see *Commonwealth* v. *Jones*, 362 Mass. 497, 500-501 [1972]; *Commonwealth* v. *Bumpus*, 362 Mass. 672, 680 [1972], judgment vacated on other grounds, 411 U.S. 945 [1973], aff'd on rehearing, 365 Mass. 66 [1974]; *Commonwealth* v. *Bradley*, 3 Mass. App. Ct. 786 [1975]), or which would suggest that his handling of the matter impermissibly infringed on the defendant's right of cross-

examination or which otherwise prejudiced the defendant's opportunity for a fair trial. See *Commonwealth* v. *Bradley, supra* at 786.

3. At the trial, the victim testified that both assailants had approached him together, bumped him in unison, and forced him back to a wall, where one (identified as the defendant) had taken his money and keys, while the other (thought to be Hall) had attempted to get behind him. He also testified that, when the robbery was completed, both men jumped into a waiting automobile and fled. Hall (who had pleaded guilty to the robbery) was called as a defense witness at the trial and testified, on direct examination, that neither he nor the defendant had participated in the robbery. On cross-examination, Hall admitted that both he and the defendant had approached the victim together and that one of them had robbed him of his money. Hall admitted as well that the acts described in the police report were in fact committed by him and the defendant. Hall's credibility was also impeached in several other material respects. The case was submitted to the jury under comprehensive instructions on the law of joint venture.

The defendant's motion for a new trial was based on testimony by the victim at the hearing on the motion that he had confused Hall and the defendant at trial and that he had, as a result, mistakenly attributed Hall's actions to the defendant and vice-versa. He stated that Hall was the robber who had taken his money and keys and that the defendant was the one who had circled and stood behind him during the crime. The victim confirmed, however, that the defendant and Hall were his assailants and that the robbery had occurred in the manner described at trial. The judge denied the motion.

It is settled that the trial judge's disposition of a motion for new trial will not "be reversed unless a survey of the whole case shows that his decision, unless reversed, will result in manifest injustice." *Commonwealth* v. *DeChristoforo*, 360 Mass. 531, 542 (1971), quoting from *Sharpe, petitioner*, 322 Mass. 441, 445 (1948). *Commonwealth* v. *Grace*, 370 Mass. 746, 752 (1976). *Commonwealth* v. *Horton*, 376 Mass. 380, 401 (1978), cert. denied, 440 U.S. 923 (1979). A change in testimony would not require a new trial unless its "credibility, potency, and pertinency to fundamental issues in the case" (*Commonwealth* v. *Brown*, 378 Mass. 165, 171 [1979], quoting from *Davis* v. *Boston Elev. Ry.*, 235 Mass. 482, 495 [1920]) signified a probability that the evidence would be a real factor with a jury in reaching a decision. *Davis* v. *Boston Elev. Ry., supra* at 496. If the judge denied the motion based on his disbelief of the victim's changed testimony, there was no error. See Smith, Criminal Practice and Procedure § 1089, and cases collected in n.37.10, at 383 (Supp. 1979). On the other hand, even if the judge accepted the victim's change in testimony as truthful and accurate, we believe that his denial of the motion was proper because he could have been warranted in concluding that the change would not portend a "sufficiently significant possibility of a differ-

ent verdict to justify a retrial." *Commonwealth* v. *Pisa*, 372 Mass. 590, 596, cert. denied, 434 U.S. 869 (1977). The judge could well believe, on this record, that another trial would result in another verdict of guilty based on the theory of joint enterprise, in which it would be immaterial who actually took the victim's property.

*Judgment affirmed.*

*Order denying motion for new trial affirmed.*

*James J. Brady* for the defendant.

*Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.