LEMMON, Justice,
concurring.
I concur in remanding the matter to the court of appeal to address the merits of the issue raised by the state’s application for supervisory writs.
La.C.Cr.P. Art. 703 requires the trial court, on defendant’s timely motion alleging adequate facts, to conduct a pretrial hearing on the admissibility of evidence which allegedly was unconstitutionally obtained.[1] However, under La.C.Cr.P. Art. 3, the trial court has the discretion to conduct, on motion of either side establishing good cause therefor, a pretrial hearing on the admissibility of any evidence.[2] See State v. Boettcher, 338 So.2d 1356 (La.1976); State v. Eros Cinema, 262 La. 706, 264 So.2d 615 (1972); State v. Wilkerson, 261 La. 342, 259 So.2d 871 (1972).

. Such a procedure is highly advantageous to the state, because the district attorney, in the event of an adverse ruling, can then seek appellate review of a decision (as the present one) which excludes evidence. The state usually faces great practical difficulty in seeking review of evidence excluded during trial.